OPINION OF THE COURT
 

 Kaye, J.
 

 CPL 190.65 (1) sets out standards for when a Grand Jury is authorized to indict a person for an offense, but the statute does not specify who is to determine whether those standards are satisfied — the Grand Jury itself, or the District Attorney (its legal advisor). This appeal, centering on the statutory standard of legal sufficiency, calls upon us to resolve that open question.
 

 This case is before us on the People’s appeal from an order affirming the dismissal of an indictment charging defendant with second degree grand larceny. The indictment was dismissed on the ground that certain instructions given by the Assistant District Attorney concerning the grand jurors’ role in evaluating the sufficiency of the evidence were erroneous, and so tainted the integrity of the proceeding that dismissal was required.
 

 The substance of the critical instructions (set out in full in
 
 *308
 
 the footnote)
 
 *
 
 was that determining the legal sufficiency of the evidence was for the Assistant District Attorney, not the concern of the grand jurors, and that the Assistant District Attorney deemed the evidence here to be legally sufficient. These instructions, given in response to two questions from grand jurors about the standard for voting an indictment and the elements of the crime, were repeated by the prosecutor several times in slightly varied form.
 

 For the reasons that follow, we agree with the trial court and Appellate Division that the instructions were erroneous and require dismissal of the indictment.
 

 CPL 190.65 (1) provides that "a grand jury may indict a person for an offense when (a) the evidence before it is
 
 legally sufficient
 
 to establish such person committed such offense provided, however, such evidence is not legally sufficient when corroboration that would be required, as a matter of law, to sustain a conviction for such offense is absent, and (b) competent and admissible evidence before it provides
 
 reasonable cause
 
 to believe that such person committed such offense.” (Emphasis added.) Although the statute authorizes the Grand
 
 *309
 
 Jury to indict only when both requirements are met, it does not state who is to determine that each standard has been satisfied.
 

 A definition of "legally sufficient evidence” and "reasonable cause” is found in CPL 70.10:
 

 "1. 'Legally sufficient evidence’ means competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant’s commission thereof; except that such evidence is not legally sufficient when corroboration required by law is absent.
 

 "2. 'Reasonable cause to believe that a person has committed an offense’ exists when evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it. Except as otherwise provided in this chapter, such apparently reliable evidence may include or consist of hearsay.”
 

 As is apparent from these definitions, legal sufficiency and reasonable cause are analytically distinct concepts. Evidence can satisfy either standard without necessarily satisfying the other
 
 (see,
 
 Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL 70.10, at 705, for examples).
 

 Seizing on this distinction, the People urge that sufficiency is a "legal” question committed exclusively to the prosecutor as the legal advisor to the Grand Jury (CPL 190.30 [7]), and reasonable cause a "factual” question for the jurors as the triers of fact. The People analogize the role played by the prosecutor to that of a Trial Judge ruling on a motion for a trial order of dismissal: the Trial Judge determines whether the People have presented a prima facie case without submitting the question to the jury. The only question before the trial court is the legal sufficiency of the evidence, with the quality and weight of the proof reserved for the trier of fact
 
 (People v Sabella,
 
 35 NY2d 158).
 

 The People are, of course, correct in asserting that in ruling on a motion for a trial order of dismissal, the Trial Judge alone determines the legal sufficiency of the evidence. But even assuming that the Trial Judge’s role as arbiter of the law
 
 *310
 
 is equivalent to the prosecutor’s function as the Grand Jury’s legal advisor, the People’s analysis fails, as is particularly evident in their efforts to sustain the instructions given in this case.
 

 If a motion for a trial order of dismissal has been denied, the trial court may not then instruct jurors that it has found legally sufficient evidence against defendant, and that they are not to consider the legal sufficiency of the evidence. To the contrary, petit jurors are instructed that in order to convict, they must find that the People’s evidence proves every element of the charged crime, which is the gravamen of the CPL 70.10 definition of legal sufficiency.
 

 The instructions given in this case — as any instruction to the effect that the question of the legal sufficiency of the evidence has already been resolved adversely to the defendant —are so central and prejudicial as to require dismissal. It is simply not permissible for a District Attorney to inform grand jurors, who by statute and Constitution, have the unique responsibility to decide whether to vote an indictment, that as a matter of law the prosecutor has already determined that there is enough evidence to warrant that action. At the very least, such an instruction delivered to laypersons carries an unacceptably high risk that they might misconstrue or undervalue their own role in reviewing the evidence, or even assume that the defendant should be indicted.
 

 Nor does it follow from the fact that sufficiency of the evidence is addressed as a matter of law at various points in a prosecution that it is not also a factual question which, under CPL 190.65 (1), is to be determined by the Grand Jury not by the prosecutor. We do not agree with the People that "factual” and "legal” questions can be divided with surgical precision into discrete spheres — the first solely for the jurors, the second solely for their legal advisor. While it is difficult to posit a pure law question in an ongoing prosecution — where virtually every law question involves some factual predicate— there are certain issues that more readily fall into one category or the other. The admissibility of evidence, for example, may involve threshold factual determinations
 
 (see, People v Nieves,
 
 67 NY2d 125, 135) but is largely a legal question, not suitable for resolution by lay jurors
 
 (see also,
 
 CPL 190.30 [6]). At the opposite end of the spectrum, credibility questions have traditionally been viewed as reserved for the trier of fact
 
 (but see, People v Foster,
 
 64 NY2d 1144, 1147-1148 [witness too
 
 *311
 
 "irresponsible” to be credited, as a matter of law, citing
 
 People v Ledwon,
 
 153 NY 10, 21]).
 

 Here, the People would have us separate the question whether evidence exists which, if true, would establish every element of the crime (reserving that exclusively for the prosecutor) from the question whether such evidence was sufficiently persuasive to warrant belief that the defendant committed the crime (reserving that exclusively for the grand jurors
 
 [see, People v Jennings,
 
 69 NY2d 103, 115]). Although such line-drawing may theoretically be possible, it impermissibly removes from the Grand Jury’s exclusive province the fundamental, primarily factual question whether there was evidence establishing each element of the crime.
 

 Taking the People’s contention to its logical conclusion, grand jurors need not even consider whether all the elements of a crime had been established before voting to indict, for that is not necessary to a finding of reasonable cause. Indeed, the prosecutor’s response to“ a juror’s question about the elements suggested as much in this case. Yet that is an essential component of a valid indictment, which should not be decided by prosecutorial fiat. Such a procedure would significantly infringe upon a defendant’s right not to be held to answer for a felony charge except upon a Grand Jury’s indictment. Nor is this protection merely a theoretical one. Even when the People’s witnesses are credited, the grand jurors and the prosecutor will not invariably see eye to eye about what the evidence establishes, particularly when more inchoate questions such as intent and inferences to be drawn from circumstantial evidence are critical
 
 (see, e.g., People v Sullivan,
 
 68 NY2d 495, 501). Instructions such as those given in this case, however, would predispose the grand jurors against concluding that, on their own evaluation of the evidence, there is simply nothing to establish one or more elements of a crime.
 

 It is axiomatic that "a Grand Jury need not be instructed with the same degree of precision that is required when a petit jury is instructed on the law.”
 
 (People v Calbud, Inc., 49
 
 NY2d 389, 394.) We also recognize that many "legal” questions with a factual component are appropriately determined by the District Attorney and need not be submitted to the Grand Jury
 
 (see, People v Darby,
 
 75 NY2d 449 [decided today]; CPL 190.30 [6]). However, the question whether there is sufficient evidence of each element of a crime lies at the very
 
 *312
 
 heart of the decision to vote an indictment. Consequently, we agree with the courts below that the instructions given in this case impaired the integrity of the Grand Jury proceeding, and require dismissal of the indictment (CPL 210.35 [5]).
 

 Finally, while we conclude that it is for the Grand Jury to scrutinize the prosecutor’s evidence and match it against the elements of the crime, we note that it is of course proper for the District Attorney to evaluate a matter for legal sufficiency before commencing, or continuing, a prosecution.
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Wachtler and Judges Simons, Titone, Hancock, Jr., and Bellacosa concur; Judge Alexander taking no part.
 

 Order affirmed.
 

 *
 

 "assistant district attorney: A member of the Grand Jury has a question about the legal charge regarding the standard for voting an indictment in this particular case.
 

 "Some of you may have sat as jurors in what’s called a petit jury, one that you see on television where there’s a trial. The burden of proof in a criminal case is beyond a reasonable doubt. Burden for indictment is a lower one, it’s not beyond a reasonable doubt, as I noted to you earlier.
 

 "And a member of the Grand Jury has a question regarding specifically what the elements are. It states a grand juror can vote an indictment when the evidence is legally sufficient to establish that such person committed such offense and competent and admissible evidence before it provides reasonable cause to believe that such person committed the offense. Now, that may sound like a bunch of legal gobble-de-goop. The question of whether evidence is legally sufficient is a question of law, not fact. So it is a question that must be determined by me, legal advisor, whether evidence is legally sufficient, okay. This case, I’m your legal advisor. That province of the law lies with an Assistant District Attorney. You are the judges of the facts whether a crime occurred or didn’t occur. It is a question that must be determined by me, your legal advisor. The fact that I or another Assistant District Attorney gives you a case to deliberate and vote on, without any recommendation, mounts to my determination that the evidence is legally sufficient, which means, that if you believe the evidence, it would be legally permissible to indict, okay. All right. I present the evidence in this case, I deemed it to be legally sufficient. Question for you is — as the judges of the facts — do you reasonably believe — do you have reasonable cause to believe that such person, in this case the defendant, committed the offense that is brought before you, okay.
 

 "Does that clarify at all? It’s very difficult.”