*452 OPINION OF THE COURT
Bellacosa, J.
Defendant, tried with two accomplices, was convicted after a jury trial of multiple counts of burglary and robbery in the first and second degrees, assault in the second degree (two counts), and criminal possession of a weapon. He and four others broke into the home of a woman early one morning and terrorized her by the commission of many crimes against her person and property. They departed with her purse and television set.
Two issues are presented to us: first, whether the trial court committed reversible error requiring a new trial when it did not allow defense counsel to be present for the voir dire hearing — after four witnesses had testified — into possible taint of the impaneled jury; second, whether the District Attorney committed error, requiring dismissal of all charges, in not instructing the Grand Jury with respect to certain controverted evidence.
The voir dire hearing occurred during the course of the trial when a question arose as to whether a potentially prejudicial surmise — an alternate juror expressed concern to the court upon seeing defendant examining papers she thought might contain jurors’ home addresses — and conversation was had among the alternate juror and four other woman jurors. The Trial Justice questioned the alternate in Chambers with the prosecutor and defense counsel present. The trial court, however, proceeded to inquire of the other four sitting jurors with *453 no attorneys or parties present, over defense counsel’s objection as to his exclusion. The alternate juror was ultimately excused. The trial court concluded, however, that the other four jurors remained qualified and the trial continued to verdict and conviction.
The Appellate Division, in affirming the judgment of conviction, addressed the voir dire issue and reasoned that because the actual presence of a defendant has been held dispensable in certain circumstances at such a hearing (People v Mullen, 44 NY2d 1), so too is the presence of defense counsel excusable where, as that court phrased it, the hearing was "evenhanded and not prejudicial.” (People v Boatman, 147 AD2d 912, 913 [codefendants].) The court appears to have rejected the Grand Jury instruction claim as being "without merit”.
We cannot agree with the Appellate Division’s rationale or result on the voir dire issue. The fundamental unfairness to defendant by the exclusion of his counsel from this relevant inquiry is evident from the inherently speculative nature of the impact on those four jurors. For that reason, we reverse and order a new trial.
CPL 260.20 requires that "[a] defendant must be personally present during the trial of an indictment”. In People v Mullen (44 NY2d 1, supra), we held that in camera questioning of a juror was not a "material part” of a trial requiring the personal presence of defendant, reasoning, however, that the presence of defense counsel at the inquiry was "sufficient to afford the defendant a 'fair and just hearing.’ ” (Id., at 6, quoting Snyder v Massachusetts, 291 US 97, 108.)
By holding here that under Mullen nothing less than counsel’s presence will suffice in these circumstances, we need decide no more in this case. While greater safeguards may be desirable or even eventually held to be required depending on some future particular fact pattern, it is unnecessary, because of the narrowness of the defense objection and its determinative impact on this case, to express any additional views to resolve this case (see, however, e.g., People v Buford, 69 NY2d 290, 299 [which, in holding that a juror was not "grossly unqualified” and should not have been discharged over defendant’s objection under CPL 270.35, commented that a defendant as well as the attorney should be present at an in camera hearing to determine that question]).
We believe and conclude that an inquiry to determine the existence and extent of prejudice affecting the gross dis *454 qualification of a sworn juror — here, 4 of 12 — is inextricably related to defendant’s entitlement to a fair hearing (see, People v Mullen, 44 NY2d, supra, at 6). Therefore, the unique, indispensable presence of at least the "single-minded counsel for the accused” (People v Rosario, 9 NY2d 286, 290) is minimally necessary to safeguard that fundamental fairness to defendant, who will be judged as to his charged criminal conduct by a jury selected with his approval and participation.
We agree with the Appellate Division, however, that defendant’s second argument addressed to the instructions to the Grand Jury is unavailing. Defendant, in testimony before the Grand Jury and at a later Huntley hearing, claimed his inculpatory statement was coerced. The Huntley hearing court ultimately ruled it was voluntary and admissible. Defendant nevertheless now contends that the District Attorney’s failure to instruct the grand jurors that a statement may turn out to be inadmissible infected the Grand Jury proceeding to the point that its "integrity [was] impaired” and requires the dismissal of the indictment. CPL 210.35 (5) provides: "A grand jury proceeding is defective within the meaning of paragraph (c) of subdivision one of section 210.20 when * * * [t]he proceeding otherwise fails to conform to the requirements of article one hundred ninety to such degree that the integrity thereof is impaired and prejudice to the defendant may result. ” (Emphasis added.) The dissenting-in-part opinion accepts that proposition as applicable here and would dismiss the indictment entirely. We disagree because neither the demanding test, nor the policies underlying it, nor the facts and evidence of this case warrant the final plenary remedy of dismissal of this criminal proceeding.
"[A] Grand Jury need not be instructed with the same degree of precision that is required when a petit jury is instructed on the law.” (People v Calbud, Inc., 49 NY2d 389, 394.) The separate and distinct standards of instruction applicable to the issue are further made clear by CPL 190.30 (7): "Whenever it is provided in article sixty that a court presiding at á jury trial must instruct the jury with respect to the significance, legal effect or evaluation of evidence, the district attorney, in an equivalent situation in a grand jury proceeding, may so instruct the grand jury.” (Emphasis added.)
Here, defendant’s statement was ultimately admitted into evidence at trial after it was determined the statement was voluntary and a product of "a knowing, voluntary and intelli *455 gent waiver of his constitutional rights.” To adopt the standard urged by defendant and award him a dismissal of all charges on this argument would be particularly ironic in view of those developments. But more significantly, the adoption and application of this generalized standard in this case would invert retrospectively the well-established and well-founded instructional requirements for Grand Juries and would supplant the unquestionably high prong of "impairment of integrity” of the Grand Jury process without even addressing the additional prejudice prong. This case does not come anywhere near satisfying the statute’s high test and qualifying for its exceptional remedy (CPL 210.35 [5]).
The dissent-in-part complains that without such a result the Grand Jury proceeding in this case becomes "skewed” for lack of the particular evidentiary instruction. But this misses the point of the statutory test, which does not turn on mere flaw, error or skewing. The statutory test is very precise and very high: "impairment of integrity” of the Grand Jury process. It has not been met here.
We find it difficult to understand, in any event, how a third procedural litigation of the issue of voluntariness of a statement — which would be routinized now at the Grand Jury stage — advances fairness and justice generally or to this defendant. Defendant necessarily, appropriately and ultimately had his Huntley hearing to contest the voluntariness issue and he lost. He was also allowed by law to raise the issue a second time at the trial (CPL 60.45). Only if the very high hurdle of impairment of the integrity of the Grand Jury process, plus prejudice, is met, can it then be said that an additional evaluation of that issue should have been presented to the Grand Jury in the first instance. To rule otherwise would make the exceptional routine and without a valid justification.
Finally, the dissent-in-part finds some support for its view on this issue in People v Batashure (75 NY2d 306 [decided today]). That case, however, deals with arrogation by a prosecutor of authority reposed in the Grand Jury. It does not turn on or focus on the assertion of a particularized evidentiary instruction. We conclude in this case, in any event, that it was not even error because accomplice evidence does not have to be "ironclad” but rather only minimal. Thus, People v Batashure (supra) seems beside the point in this case on the pertinent issue.
Accordingly, because error was committed in excluding *456 defendant’s counsel from the voir dire examination of sitting jurors, the order of the Appellate Division should be reversed and a new trial ordered.