OPINION OF THE COURT
Phylis Skloot Bamberger, J.
The defendants, Earl Bland, Cleveland Sutton and Lee Johnson, are charged with criminal possession a weapon in the third degree and criminal possession of a controlled substance in the fourth degree. Each defendant made a motion to inspect the Grand Jury minutes and to dismiss the indictment. The motions to inspect are granted. This court finds that errors in the instructions to the Grand Jury affected the integrity of the Grand Jury proceedings and prejudiced the defense, requiring dismissal of the indictment. (CPL 190.30 [7]; 210.20 [1] [c]; 210.35 [5].) The People are granted leave to represent and securing orders are entered.
According to the police officer’s testimony before the Grand Jury, the gun and the narcotics which are the bases for the charges were found in a car driven by Mr. Johnson and in which Mr. Bland and Mr. Sutton were passengers. The car was stopped because Mr. Johnson went through two red lights. All three defendants testified before the Grand Jury, each giving a reason for being in the car and each denying knowledge that the gun and drugs were present. At the conclusion of the testimony the Assistant District Attorney instructed the jury:
"At this time, I am going to read for you the following instruction entitled 'interested witness’. It reads as follows:
"In determining the credibility of any witness, and the weight to be given by you to his testimony, you may consider the interest of the witness in the outcome of the proceeding. A witness is an interested witness when, by reason of relationship, friendship, antagonism, or prejudice in favor of or against one party or the other, his testimony in your judgment is likely biased, toward the side or party he favors. If you should find that any witness is an interested witness, you should consider such interest in determining the credibility of his testimony and the weight to be given to it.
"The three Defendants testified in this case as witnesses upon their own behalf. A Defendant is of couse [sic] an interested witness since he is interested in the outcome of the proceeding. You may as Grand Jurors [sic] wish to keep such *674 interest in mind in determining the credibility and weight to be given to each of the Defendants’s [sic] testimony.
"A disinterested witness, on the other hand, is one who has no interest in the outcome of the proceedings, a factor you may wish to consider in determining the credibility and weight to be given to the testimony of such witness.”
The jury was then read the specific charges and the presumptions of Penal Law § 265.15 (3) and § 220.25, and was told the presumptions were permissive.
An indictment can be returned against a person only if the People meet the burden of establishing a prima facie case of criminal conduct against that person. (People v Jennings, 69 NY2d 103 [1986]; People v Pelchat, 62 NY2d 97 [1984]; People v Avant, 33 NY2d 265 [1973].) The evidence presented by the People must be legally sufficient to establish that the person committed the offense, and the competent and admissible evidence before the Grand Jury must give reasonable cause to believe that the person committed the offense. (CPL 190.65 [1].) The first prong of the test requires evidence which, if accepted as true, establishes the crime and the defendant’s commission thereof; the second requires an evaluation of the evidence to determine if it is reliable and of such weight and persuasiveness that it is reasonably likely that the person committed the crime. (CPL 70.10.) Both prongs of the test are determined by the Grand Jury. (People v Batashure, 75 NY2d 306 [1990].) The Grand Jury must evaluate the prosecution’s case, first determining credibility and reliability of the evidence and then sufficiency of the evidence accepted. While the sufficiency evaluation is subject to judicial review in the event that an indictment is voted, the Grand Jury’s evaluation of the weight, credibility and reliability of the evidence is reserved exclusively for that body and should the defendant be indicted, is not reviewable. (People v Jennings, supra, 69 NY2d, at 115; People v Dunleavy, 41 AD2d 717 [1st Dept], affd without opn 33 NY2d 573 [1973]; People v Haney, 30 NY2d 328, 336, n 10 [1972]; People v Cole, 97 AD2d 886 [3d Dept 1983]; People v Alaxanian, 89 AD2d 700 [3d Dept 1982].) To assure that judicial examination of sufficiency does not involve the court in evaluation of evidence, the court is required to assume the truth of the evidence most favorable to the People, whatever the evidence to the contrary. (People v Jennings, supra, 69 NY2d, at 114; People v Warner-Lambert Co., 51 NY2d 295, 298-299, 305 [1980] [court specifically disregarded *675 defense exculpatory evidence in determining sufficiency], cert denied 450 US 1031 [1981].)
Because the Grand Jury’s evaluation of the evidence is not subject to review, the Grand Jury’s understanding about how to evaluate the credibility of witnesses is very significant. Further, because the reviewing court examines the finding of sufficiency inherent in the voting of an indictment by viewing the evidence most favorable to the People, it is also significant for the Grand Jury to know that the burden of providing sufficient evidence rests with the People. The jury’s understanding of the controlling principles comes through instructions given by the Assistant District Attorney.
There is, however, no judicial statement about what instructions must be given a Grand Jury about who has the burden of proof or how to measure the credibility of witnesses. Perhaps this is so because the Grand Jury need not be instructed with the same degree of precision as the petit jury. (People v Darby, 75 NY2d 449 [1990]; People v Calbud, Inc., 49 NY2d 389, 394 [1980].) Perhaps the absence of judicial authority arises because of the permissive nature of jury instructions on "the significance, legal effect or evaluation of evidence” (CPL 190.30 [7]; People v Darby, supra). Nevertheless, the prosecutor "must instruct the grand jury concerning the law with respect to its duties” (CPL 190.25 [6]); and the prosecutor who fails to charge or charges incorrectly, risks impairing the integrity of the Grand Jury and prejudicing the defendant with a consequent dismissal of the charges. (People v Darby, supra.)
Here, the prosecutor did not instruct on the burden of proof. If the defendants had not testified, the absence of such an instruction would have presented little difficulty because the jury simply would have evaluated the People’s witnesses to determine sufficiency. However, because the defendants testified, the prosecutor should have been careful to assure that the grand jurors understood that the burden of establishing evidence sufficient to vote an indictment rested with the People. Absent an instruction on that principle, the grand jurors might have erroneously believed the defendants had the obligation to show they were not the people involved in the criminal activity or that no such activity occurred.
In this case, the absence of such instructions when considered with those which were given by the prosecutor skewed the evidence evaluation process. The prosecutor told the grand jurors a witness may be interested because of a relationship, *676 friendship, antagonism or prejudice; that the defendants were interested witnesses because they had an interest in the outcome of the case; that the reason for the interest may make the witness, in the juror’s opinion, biased or likely to be biased; and that the interest could be kept in mind in determining credibility and weight of the evidence. The prosecutor contrasted the "disinterested witness” and described him as one who has "no interest in the outcome of the [case], a factor [which] you may wish to consider in determining the credibility and weight”.
Those were the only instructions given by the prosecutor on the issue of how to evaluate the evidence. They were incorrect because they did not advise the grand jurors that even if they disbelieved the defendants, the People’s evidence had to be sufficient to establish the crimes presented to the Grand Jury. The charge as given left the jury free to decide that if they disbelieved the defendants, it was proper to vote for indictment whatever their view of the People’s case. The jury could also have incorrectly believed they had to credit the defendants in order to vote not to indict. Defendants’ testimony merely had to raise questions about the credibility of the police testimony to provide a basis for not voting the indictment.
Further, the interested witness instruction was incorrect. That instruction did not affirmatively tell the jury that even if a witness is interested, the interest may have no effect on the testimony and the witness may still be able to tell the truth. (See, 1 CJI[NY] 7.03, at 270; 7.04, at 272.) The accompanying disinterested witness instruction emphasized the contrast between the defendants and the police witnesses, implying the defendants would misrepresent but others would not.
On this record, the integrity of the Grand Jury was impaired by the instruction which told the jury of the diminished quality of the defendants’ testimony and left the jury to believe they might permissibly indict because they rejected the defense testimony rather than because they credited the prosecutor’s witnesses.
The prosecutor’s instructions were also improper in other respects. During defendant Johnson’s presentation, on two occasions he testified that the police officer told him to get out of the car. Sutton said the officer told them to get out of their car and walk to the back. Bland also said the officer told them to get out of the car and that the gun and narcotics had *677 been found. The prosecutor told the jury to disregard the testimony about what the officer said. Presumably, the prosecutor believed this was hearsay. However, the testimony was not hearsay; the testimony was admitted to show what the officer said, and was not admitted for its truth. Accordingly, it was properly before the Grand Jury. The testimony about the officer’s direction to get out of the car and go to the back was relevant to Johnson’s explanation for why he did not comply with the officer’s request to show the car paperwork, including his license, and goes directly to his credibility. The testimony that the officer said a gun and drugs were in the car was relevant to the defendants’ claim that they did not know what was in the car until they were told by the police. This error by the prosecutor prejudiced the defense and aifected the integrity of the grand jurors’ consideration.
The indictment in this case having been dismissed as defective pursuant to CPL 190.30 (7); 210.20 (1) (c) and 210.35, the defendants’ bail conditions remain in effect as follows: defendant Johnson’s release on $1,000 bail is continued, defendant Bland’s release on $500 bail is continued, and defendant Sutton’s release on $1,500 bail is continued pursuant to CPL 210.45 (9) until there occurs one of the events set out in CPL 210.45 (9) (a), (b) or (c).