■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK CAPORASO, Appellant.

The defendant contends that the trial court should have granted his motion to dismiss the indictment on the ground that the rejection of his justification defense and the resulting murder indictment were based on the perjured testimony of two witnesses at the Grand Jury proceedings. We disagree.

A Grand Jury proceeding is deemed defective and an indictment subject to dismissal under CPL 210.35 (5) only where "the integrity thereof is impaired and prejudice to the defendant may result" *(People v Darby,* 75 NY2d 449, 454). Although the two witnesses cited by the defendant somewhat downplayed their participation in the melee which eventually resulted in the bludgeoning death of their companion by the defendant, the claimed omissions were insignificant in nature and could have had no logical bearing on the rejection of the justification defense by the Grand Jury.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that the defendant's guilt was established beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

We find no merit to the defendant's remaining contention. Kunzeman, J. P., Sullivan, Lawrence and Balletta, JJ., concur.