OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
In People v Mullen (44 NY2d 1), the Court held that defendant’s right to be present at all material stages of trial was not violated when a hearing on a sworn juror’s possible disqualification was held in defendant’s absence. Although in People v Darby (75 NY2d 449, 453) we acknowledged that “greater safeguards may be desirable or even eventually held to be required depending on some future particular fact pattern,” the facts of this case do not warrant that concern. Here, the entire inquiry of the juror consisted of a single question and answer. The juror reported, in response to the court’s question whether she knew defendant, that she didn’t know him, but that her cousin had a friend who resembled defendant and shared his surname, and therefore might be defendant’s brother. After an off-the-record conference between the court and counsel, the juror was dismissed on consent. Given the nature and scope of the inquiry here, we cannot conclude that defendant’s right to be present was violated.
Defendant’s further contention that the trial court failed to conduct a sufficiently probing inquiry at the disqualification hearing or otherwise comply with the procedures announced in People v Buford (69 NY2d 290, 299) is unpreserved. Unlike defendant’s claim that the right to be present was abridged when the inquiry was conducted in his absence — an issue we will review even without objection at trial (People v Mehmedi, 69 NY2d 759, 760) — a claim that a disqualification hearing was inadequate must be preserved to present a question of law for our review.
Defendant’s remaining contentions, to the extent preserved, are without merit.
Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur; Judge Smith taking no part.
*946 Order affirmed in a memorandum.