THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
LAMONT JOHNSON, Appellant.

Fourth Department, April 14, 1993

## APPEARANCES OF COUNSEL

*Edward J. Nowak,* Rochester *(James Eckert* of counsel), for appellant.

*Howard R. Relin, District Attorney* of Monroe County, Rochester *(Robert Mastrocola* of counsel), for respondent.

## OPINION OF THE COURT

LAWTON, J.

Defendant contends that Supreme Court erred in discharging a sworn juror pursuant to CPL 270.15 (3) in the absence of defendant and defense counsel. The facts are undisputed. Before jury selection on the second morning, a sworn juror requested that she be discharged because one of her children had an emergency psychiatric problem. Supreme Court, without first consulting defendant or defense counsel, discharged the juror pursuant to CPL 270.15 (3). When notified of the juror's discharge, defense counsel objected and requested a mistrial on the grounds that it was error for the court to discharge a sworn juror in the absence of defendant or his counsel.

A defendant has the fundamental right to be present at all material stages of the trial *(see,* CPL 260.20; *People v Sloan,* 79 NY2d 386, 391; *People v Turaine,* 78 NY2d 871; *People v Ciaccio,* 47 NY2d 431). Material stages of a trial include the impaneling of the jury, the introduction of evidence, counsel's summations, and the court's charge *(see, People v Velasco,* 77 NY2d 469, 472; *Maurer v People,* 43 NY 1, 3).

The in camera questioning of a seated juror for possible disqualification, however, does not constitute a material stage of trial *(see, People v Mullen,* 44 NY2d 1, 5-6). That determination was recently reaffirmed in *People v Torres* (80 NY2d 944) and *People v Darby* (75 NY2d 449, 453), wherein the Court held that defendant's right to be present at trial was not violated when a voir dire hearing on possible juror disqualification was held in defendant's absence. The Court of Appeals has stated, however, that better practice would be to conduct the voir dire in defendant's presence and that it may impose that requirement or other safeguards in the future *(see, People*

*v Torres, supra; People v Darby, supra).* At this juncture, therefore, we cannot conclude that defendant's absence from a voir dire hearing to determine whether to discharge a sworn juror prior to the impanelment of the entire jury violates his right to be present at a material stage of the trial *(see, People v Torres, supra; People v Darby, supra; People v Mullen, supra; but see, People v Buford,* 69 NY2d 290, 299; *People v Wilson,* 106 AD2d 146, *lv denied* 65 NY2d 702).

Reversal is mandated, however, because Supreme Court conducted voir dire and discharged a sworn juror, not only in defendant's absence, but, in the absence of defense counsel. Jury selection is a critical stage of a criminal proceeding and a defendant "has a constitutional right to a particular jury chosen according to law, in whose selection he has had a voice" *(People v Ivery,* 96 AD2d 712). In a voir dire hearing to determine whether a juror should be disqualified or discharged, "the unique, indispensable presence of at least the 'single-minded counsel for the accused' *(People v Rosario,* 9 NY2d 286, 290) is minimally necessary to safeguard that fundamental fairness to defendant, who will be judged as to his charged criminal conduct by a jury selected with his approval and participation" *(People v Darby, supra,* at 454). Because a juror, whom defendant had accepted and who had been sworn, was discharged by the court outside the presence of defense counsel, defendant was denied the minimum safeguard necessary to afford him a " 'fair and just hearing' " *(People v Mullen, supra,* at 5, quoting *Snyder v Massachusetts,* 291 US 97, 108; *see also, People v Darby, supra,* at 453).

Harmless error analysis is inapplicable because Supreme Court deprived defendant of his fundamental due process right to a fair and just hearing *(see, People v Darby, supra; People v Mullen, supra)* and his constitutional right to counsel at trial *(see, People v Hilliard,* 73 NY2d 584; *People v Hodge,* 53 NY2d 313, 320; *People v Felder,* 47 NY2d 287; *People v Margan,* 157 AD2d 64, 69; *see also, Glasser v United States,* 315 US 60, 76). In rejecting harmless error analysis where defendant was deprived of his right to counsel, the Court in *People v Hilliard (supra,* at 586-587) stated:

"In *People v Crimmins* (36 NY2d 230, 238), we stated that there are some errors which are so serious that they operate to deny defendant's fundamental right to a fair trial. In such cases the reviewing court must reverse the conviction and grant a new trial, without evaluating whether the errors contributed to the defendant's conviction. We applied this rule

to the denial of the constitutional right to counsel in *People v Felder* (47 NY2d 287) in reversing defendant's conviction and ordering a new trial.

"Similarly, we refuse to apply the harmless error doctrine here."

Indeed, the Court of Appeals has "exercised the highest degree of vigilance in safeguarding the right of an accused to have the assistance of an attorney at every stage of the legal proceedings against him" *(People v Cunningham,* 49 NY2d 203, 207). Additionally, where, as here, the denial of counsel occurs at trial, harmless error analysis is inapplicable because that right is " 'too fundamental and absolute to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial' " *(People v Hodge, supra,* at 320, quoting *Glasser v United States, supra,* at 76).

■ We also note that the trial court erred in refusing to grant defense counsel's request to charge the jury that reasonable doubt could be found based on a lack of evidence *(see, People v Washington,* 124 AD2d 982, 983, *lv denied* 69 NY2d 718). We have reviewed defendant's remaining contentions and find them to be without merit.

■ Accordingly, defendant's conviction of assault in the second degree should be reversed. Inasmuch as defendant was convicted of assault in the second degree as a lesser included offense of assault in the first degree, the indictment should be dismissed without prejudice to the People to re-present any appropriate charges to another Grand Jury *(see, People v Gonzalez,* 61 NY2d 633, 635).

Denman, P. J., Green, Balio and Davis, JJ., concur.

Judgment unanimously reversed, on the law, and indictment dismissed without prejudice to the People to re-present any appropriate charges to another Grand Jury.