■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROHAN COLE, Also Known as RHOAN COLE, Appellant. [607 NYS2d 699] —Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Beldock, J.), rendered March 9, 1992, convicting him of murder in the second degree, under Indictment No. 582/90, upon a jury verdict, and imposing sentence, (2) a judgment of the same court (Marrus, J.), rendered June 15, 1992, convicting him of conspiracy in the second degree, under Indictment No. 7607/91, upon his plea of guilty, and imposing sentence, and (3) an amended judgment of the same court (Rappaport, J.), rendered June 24, 1992, revoking a sentence of probation previously imposed by the same court (Rappaport, J.), upon a finding that he had violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of criminal possession of a weapon in the third degree, under Indictment No. 12579/89.

Ordered that the judgments and the amended judgment are affirmed.

On the second day of the defendant's murder trial, following the testimony of the second prosecution witness, the court conducted an in-chambers inquiry of a juror, who had indicated that he thought he recognized a courtroom spectator. Although the defendant was not present during the inquiry, the prosecutor and defense counsel were present.

The inquiry established that the spectator who the juror thought he recognized was also employed by the same municipal agency which employs the juror, and was a brother of the victim of the murder. Upon the court's questioning, the juror indicated that he was not personally friendly with the specta-

tor and that he only had seen him at work, that he understood that had nothing to do with the case, and that he could still be fair and impartial.

After the inquiry, the defendant's attorney stated that "the juror gave us a very positive assurance that he has no personal relationship with the individual who is a relative of the deceased nor the deceased himself, and that he could be a fair and impartial juror. I think he was candid in bringing us—in bringing to our attention his familiarity, and I do not object to him remaining as a juror". In the absence of any objection from the People, the court permitted the juror to remain on the jury. The defendant now contends that his right to be present at all material stages of the trial was violated when the Trial Justice, with counsel present, spoke with the seated juror. This claim is meritless.

Reversal is warranted only where the defendant's absence might have had an effect on his opportunity to defend *(see, People v Torres,* 80 NY2d 944; *People v Morales,* 80 NY2d 450). On this record, the defendant has failed to establish that his presence during the subject inquiry would have had "a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge" *(Snyder v Massachusetts,* 291 US 97, 105-106; *People v Torres, supra).* He has failed to establish that he was excluded from a core segment of the trial *(see, People v Aguilera,* 82 NY2d 23, 34; *People v Mullen,* 44 NY2d 1, 5-6).

We have considered the defendant's remaining contentions and find them to be without merit. Ritter, J. P., Pizzuto, Friedmann and Goldstein, JJ., concur.