■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT MARTINEZ, Appellant. [616 NYS2d 777] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Flaherty, J.), rendered January 8, 1992, convicting him of murder in the second degree (two counts), attempted robbery in the first degree, attempted robbery in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and sentencing him to concurrent indeterminate terms of imprisonment of 25 years to life for each of the murder counts and sentencing him, as a persistent felony offender, to concurrent terms of imprisonment of 25 years to life on each of the remaining counts.

Ordered that the judgment is modified, on the law, by vacating the sentences imposed for attempted robbery in the first degree, attempted robbery in the second degree, and criminal possession of a weapon in the second degree; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing on those convictions.

We find no merit to the defendant's contention that he was entitled to production of the Probation Department's presentence report for a codefendant who testified on behalf of the prosecution. After an in-camera review of the report, the trial court provided the defendant with the codefendant's statements regarding the subject incident. The court properly determined that the remaining material was not relevant to the defendant's trial, and that the defendant had no right to its production *(see,* CPL 240.45 [1]; *People v Figueras,* 199 AD2d 409).

The defendant also claims that he was denied his right to be present during a material stage of the trial when a sworn juror was questioned about possible disqualification and was thereafter excused. Considering the nature and scope of the inquiry, the defense counsel's presence was sufficient to safeguard the defendant's right to be present *(see, People v Torres,* 80 NY2d 944, 945, *affg* 174 AD2d 586; *People v Darby,* 75 NY2d 449, 453; *People v Mullen,* 44 NY2d 1).

Finally, as the People concede, the sentencing court erroneously concluded that the defendant was a persistent felony offender, when he should have been adjudicated a second violent felony offender *(see,* Penal Law §§ 70.04, 70.06, 70.10). The matter is therefore remitted for resentencing on the attempted robbery and weapon possession counts. Balletta, J. P., O'Brien, Copertino and Florio, JJ., concur.