■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON BELL, Appellant. [651 NYS2d 558] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rappaport, J.), rendered December 18, 1991, convicting him of rape in the first degree and sodomy in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was denied his right to be present during a material stage of the trial when a sworn juror was questioned about possible disqualification and then excused. Considering the nature and scope of the inquiry, the defense counsel's presence was sufficient to safeguard the defendant's right to be present (see, People v Torres, 80 NY2d 944, 945; People v Mullen, 44 NY2d 1; People v Martinez, 207 AD2d 912).

We find no merit to the defendant's contention that the Supreme Court improperly denied his request to proceed pro se. A defendant in a criminal action may invoke the right to defend pro se provided: (1) the request is unequivocal and timely asserted, (2) there has been a knowing and intelligent waiver of the right to counsel, and (3) the defendant has not engaged in conduct which would prevent the fair and orderly exposition of the issues (People v McIntyre, 36 NY2d 10, 17; see also, Farretta v California, 422 US 806; People v Cruz, 228 AD2d 610). An application to proceed pro se will be deemed timely interposed when it is asserted before the trial commences. However, "[o]nce the trial has begun the right is severely constricted and will be granted in the trial court's discretion and only in compelling circumstances" (People v McIntyre, 36 NY2d, supra, at 17). In this case, the defendant made his application at an advanced stage of trial, after the prosecution had presented its proof and the defendant had completed his direct examination. Inasmuch as the defendant failed to set forth a compelling reason for his application, the trial court properly denied the request as untimely.

We have considered the defendant's remaining contentions, including those set forth in his supplemental pro se brief, and find them to be without merit. Bracken, J. P., O'Brien, Friedmann and Krausman, JJ., concur.