■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARIEN MOORE, Appellant. [745 NYS2d 157] —Judgment, Supreme Court, New York County (Charles Solomon, J., on dismissal motion; Joan Sudolnik, J., at jury trial and sentence), rendered July 28, 1998, convicting defendant of criminal possession of a controlled substance in the third degree, assault in the second degree, tampering with physical evidence and resisting arrest,

and sentencing him to an aggregate term of 8 to 16 years, and order, same court (Joan Sudolnik, J.), entered on or about April 25, 2001, which denied defendant's motion to vacate the judgment of conviction, unanimously affirmed.

Defendant's mistrial motion, and his subsequent motion to vacate judgment, both made on the ground that the People violated their obligations under *Brady v Maryland* (373 US 83) by belatedly disclosing documents that revealed the existence of potential witnesses, were properly denied. There is no indication that, during trial, defendant made an effort to locate either of the witnesses in question, insisting instead on a mistrial or lengthy continuance (*see, People v Stridiron*, 33 NY2d 287, 292-293). In any event, there is no reasonable possibility that earlier disclosure of the desk appearance tickets issued to two persons at the time of defendant's arrest would have affected the verdict. As noted, one of these individuals was ultimately located, and defendant has not established that the information set forth in the affidavit this person furnished in connection with defendant's CPL 440.10 motion would have impeached the credibility of the People's witnesses to such an extent that it would have affected the outcome of the trial.

The challenged portions of the People's summation, while improper, do not warrant reversal.

Summary denial of defendant's pretrial motion to dismiss the indictment on the ground of an alleged irregularity in the grand jury proceeding was proper because, even assuming the truth of defendant's allegations, there was no impairment of the integrity of the proceedings warranting dismissal (*see,* CPL 210.35 [5]; *People v Adessa*, 89 NY2d 677; *People v Darby*, 75 NY2d 449).

We have considered and rejected defendant's remaining claims. Concur—Tom, J.P., Mazzarelli, Rosenberger, Ellerin and Rubin, JJ.