■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY TRACY, Appellant. [758 NYS2d 320] —Judgment, Supreme Court, New York County (Herbert Altman, J.), rendered May 10, 2001, convicting defendant, after a jury trial, of assault in the second degree and criminal possession of a weapon in the fourth degree, and sentencing him to an aggregate term of 3½ years, unanimously affirmed.

The challenged portions of the prosecutor's summation did not deprive defendant of a fair trial (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). In context, the prosecutor's use of the term "story" in reference to defendant's testimony was not inappropriate, particularly since the defense summation likewise referred to defendant's account as his "story." Defendant's remaining contentions concerning the summation are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find the challenged comments to be fair responses to the defense summation.

When, shortly before deliberations, several jurors raised scheduling problems, defendant specifically consented to the discharge of one of the two jurors at issue on appeal and raised no objection to the court's decision not to discharge the other; defendant's assertion that he preserved a challenge to the discharge of the first juror is contradicted by the record. Accordingly, defendant's present claims are unpreserved (*People v Torres*, 80 NY2d 944 [1992]), and we decline to review them in the interest of justice. Were we to review these claims, we would find that both determinations were proper exercises of discretion.

We perceive no basis for reducing the sentence. Concur—Buckley, P.J., Sullivan, Rosenberger, Wallach and Friedman, JJ.