■ The People of the State of New York, Respondent, v Bernard E. Reome, Appellant. [766 NYS2d 238] —Cardona, P.J. Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered September 9, 1999, upon a verdict convicting defendant of the crimes of attempted rape in the third degree, sexual abuse in the first degree, sexual abuse in the third degree and endangering the welfare of a child.

Defendant was charged in a 12-count indictment with various sex-related, coercion and child endangerment crimes stemming from separate incidents involving a 10-year-old boy (hereinafter the boy) and a 16-year-old girl (hereinafter the victim), during the summer of 1998. The first two counts accused defendant of masturbating in front of the boy and threatening injury to his family if he told. The remaining 10 counts accused defendant of various acts of sexual contact, i.e., touching the victim's breast, thigh, buttocks and vagina, attempted sexual intercourse and threats to kill her and her family if she told. The jury found defendant not guilty of the charges with respect to the boy, however, guilty of four of the charges involving the victim. He was sentenced to concurrent periods of incarceration resulting in an indeterminate prison sentence of 2 to 4 years.

Initially, we address defendant's contention that County Court erred in denying his motion to dismiss the indictment based upon his claim that the grand jury proceeding was defective (*see* CPL 210.20 [1] [c]). He argues that its integrity was impaired (*see* CPL 210.35 [5]) by the prosecution's repeated interruptions of his testimony, preventing him from giving a full presentation. The dismissal of an indictment under CPL 210.35 (5), an "exceptional remedy" (*People v Darby,* 75 NY2d 449, 455 [1990]), is only warranted when " '[t]he proceeding otherwise fails to conform to the requirements of article one hundred ninety to *such degree that the integrity thereof is impaired and prejudice to the defendant may* result' " (*People v Darby, supra* at 454, quoting CPL 210.35 [5]). A review of the grand jury minutes herein shows that defendant was permitted to testify, but properly limited to those matters relevant to the crimes under investigation (*see* CPL 190.50 [5] [b]). He was

curtailed when he attempted to present evidence that the victim's parents operated an improperly licensed day-care center. We find defendant's argument insufficient to establish the requisite "impairment of integrity" under CPL 210.35 (5) (*People v Darby, supra* at 455).

Next, we do not find error in County Court's refusal to grant defendant's pretrial motion to sever the charges involving the boy from those involving the victim. Charges arising out of different criminal transactions are joinable when "such offenses are defined by the same or similar statutory provisions and consequently are the same or similar in law" (CPL 200.20 [2] [c]). Here defendant was charged with child endangerment and coercion of both the boy and the victim. Since these crimes involved the same conduct and are covered under the same provisions of the Penal Law, they are properly joinable (*see People v Merritt,* 265 AD2d 733, 734 [1999], *lv denied* 94 NY2d 826 [1999]).

We further note, however, that a motion for a discretionary severance of offenses joinable under CPL 200.20 (2) (c) may, nevertheless, be granted "in the interest of justice and for good cause shown" (CPL 200.20 [3]; *see People v Lane,* 56 NY2d 1, 7 [1982]). Good cause may be established by, inter alia, showing that there is "[s]ubstantially more proof on one or more such joinable offenses than on others and there is a substantial likelihood that the jury would be unable to consider separately the proof as it relates to each offense" (CPL 200.20 [3] [a]) and/or "[a] convincing showing that a defendant has both important testimony to give concerning one count and a genuine need to refrain from testifying on the other, which satisfies the court that the risk of prejudice is substantial" (CPL 200.20 [3] [b]). As for the latter consideration, defendant failed to set forth the counts he wished to testify on, the nature of his testimony, or those counts he sought to refrain from testifying on and the reasons therefor (*see People v Lane, supra* at 8). Furthermore, with regard to defendant's claim that the jury would be unable to consider separately the proof with respect to each crime and evaluate each on its own merits, the record demonstrates, based upon the verdict, that the jury was able to do so (*see People v Boyea,* 222 AD2d 937, 939 [1995], *lv denied* 88 NY2d 934 [1996]). Therefore, we find County Court did not abuse its discretion in denying the severance motion.

We turn to defendant's argument that there was not legally sufficient evidence to convict him of the crimes of attempted rape in the third degree (count 4) and sexual abuse in the first degree (count 5). As is relevant here, a person is guilty of at-

tempted rape in the third degree when, being 21 years of age or more, he or she intends to engage in sexual intercourse with another person less than 17 years of age and engages in conduct which tends to effect the commission of that crime (*see* Penal Law §§ 110.00, 130.25 [2]). Under the prosecution's theory as charged in count 5, "[a] person is guilty of sexual abuse in the first degree when he or she subjects another person to sexual contact: (1) [b]y forcible compulsion" (Penal Law § 130.65 [1]). Here, the evidence established that defendant, who was over 21 years of age, knew the victim and, in early June 1998, invited the then 16-year-old to go to the mall. Instead, defendant drove to an isolated wooded area, grabbed her by the arm, put her into the back seat and directed her to remove her clothes. Initially, she refused, however, subsequently, she complied. Defendant dropped his pants, placed his body on top of hers and, using his left hand, tried to put "his privates" inside of her. She told him to stop because he was hurting her and he responded "so what, I don't care." He threatened to kill her and her family by setting fire to her family's home if she told anyone. She kicked him, told him to get off, however, he kept trying to have intercourse with her until he ejaculated. At that point, defendant told her to get dressed and drove her home repeating his threats.

When viewed in the light most favorable to the prosecution, we find this evidence established a " 'valid line of reasoning and permissible inferences [that] could lead a rational person to the conclusion reached by the fact finder' " (*People v Lynch,* 95 NY2d 243, 247 [2000], quoting *People v Williams,* 84 NY2d 925, 926 [1994]) and satisfied each element of the crimes charged, including forcible compulsion, beyond a reasonable doubt (*see People v Bleakley,* 69 NY2d 490, 495 [1987]). Furthermore, finding that a different conclusion would not have been unreasonable and having weighed the relative probative force of conflicting inferences that may fairly be drawn from the evidence, we conclude that the verdict was not against the weight of the credible evidence (*see id.; People v Black,* 304 AD2d 905, 907 [2003], *lv denied* 100 NY2d 578 [2003]).

Finally, we find defendant's challenge to the verdict as repugnant not preserved for appellate review inasmuch as no objection was interposed prior to the discharge of the jury when corrective action could have been taken (*see People v Alfaro,* 66 NY2d 985, 987 [1985]; *People v Jenkins,* 282 AD2d 926, 927 [2001], *lv denied* 96 NY2d 903 [2001]).

Mercure, Carpinello, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.