■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARC ST. PAUL, Also Known as WILFRID BENOIT, Also Known as NITTY, Appellant. [771 NYS2d 227]—

Rose, J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered November 25, 2002, upon a verdict convicting defendant of the crimes of robbery in the second degree and unauthorized use of a motor vehicle.

Defendant's convictions arise from his part in an armed rob-

bery. At trial, the victim testified that defendant and another male, Douglas Lopez, refused to leave her home, Lopez threatened her and her children with a gun, and defendant and Lopez forcibly took items of personal property, including her car. As to defendant's role in the robbery, the evidence established that he removed jewelry from the victim's person, told her that nothing would happen to her children if she cooperated, devised a plan to tie up her and her children, and facilitated Lopez's getaway by driving the victim's car.

The jury found defendant not guilty of robbery in the first degree due to an affirmative defense (Penal Law § 160.15 [4]), but guilty of robbery in the second degree as a lesser included offense (Penal Law § 160.10 [2] [b]). The jury also found defendant not guilty of a number of other charges, including two other counts of robbery in the second degree (Penal Law § 160.10 [1], [3]), but guilty of unauthorized use of a motor vehicle as a lesser included offense of the latter of those two charges. The jury was then excused with no objection by the defense or prosecution.

Defendant then discharged his trial counsel and County Court appointed new counsel who moved to set aside defendant's conviction of robbery in the second degree on the grounds that it is inconsistent with the not guilty verdicts, against the weight of the evidence and a result of the ineffective assistance of counsel. After denying these motions, County Court sentenced defendant to a seven-year prison term on the second degree robbery conviction and a concurrent one-year term on the unauthorized use of a motor vehicle conviction. Defendant appeals and we affirm.

Defendant has focused his inconsistent verdict argument on the contention that the jury's verdict of guilty of robbery in the second degree, based upon the display of a firearm by Lopez (Penal Law § 160.10 [2] [b]), was inconsistent with its verdict of not guilty of robbery in the second degree while aided by another person (Penal Law § 160.10 [1]). Although this issue is unpreserved for appellate review because defendant failed to raise it prior to the discharge of the jury (*see People v Alfaro*, 66 NY2d 985, 987 [1985]; *People v Reome*, 309 AD2d 1067, 1069 [2003]; *People v Robinson*, 258 AD2d 817, 818 [1999], *lv denied* 93 NY2d 978 [1999]), the result would be no different if we were to consider it in the interest of justice because we would conclude that the jury did not reach an inherently self-contradictory verdict. In the light of the particular facts of this case and defendant's position throughout the trial that Lopez was the prime mover while his own role in the robbery was very

minimal, the jury could have rationally found that defendant was not aided by Lopez, but rather Lopez was aided by defendant. Having been instructed three times that this count of robbery in the second degree required a finding that defendant was aided by another person, the jury then would have understandably, but mistakenly, concluded that defendant was not guilty.

Next, viewing the evidence in the light most favorable to the People, we find it sufficient for a rational jury to conclude that defendant was not merely present, but intentionally aided Lopez in committing the crime of robbery in the second degree (*see* Penal Law §§ 20.00, 160.10 [2] [b]; *People v Taylor*, 94 NY2d 910, 911 [2000]; *People v Gage*, 259 AD2d 837, 838-839 [1999], *lv denied* 93 NY2d 970 [1999]). When viewed in a neutral light, we further conclude that the conviction was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]).

Defendant's remaining contention, that he received ineffective assistance because his trial counsel failed to object to the allegedly inconsistent verdicts, is also unavailing. Trial counsel might very well have considered that such an objection would have resulted in additional convictions if it had been granted and the charges then resubmitted to the jury with clarifying instructions. The jury's findings that defendant was not guilty of any but the lesser included offenses attest to the meaningful and effective representation provided here (*see People v May*, 301 AD2d 784, 786-787 [2003], *lv denied* 100 NY2d 564 [2003]).

Crew III, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.