Judgment, Supreme Court, New York County (Arlene R. Silverman, J.), rendered October 20, 2008, convicting defendant, after a jury trial, of criminal possession of property in the fourth degree, and sentencing him, as a second felony offender, to a term of IV2 to 3 years, unanimously reversed, on the law, and the indictment dismissed with leave to re-present.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Nonetheless, as the People concede, defendant is entitled to dismissal of the indictment because the prosecutor rendered the grand jury proceeding defective (see CPL 210.35 [5]) by instructing the grand jury that the stolen card at issue was a debit card as a matter of law. This was highly prejudicial, because there were factual issues as to the particular status of the card, which was an essential element of the crime for which defendant was indicted (see Penal Law § 165.45 [2]). Accordingly, the integrity of the proceeding was impaired (see People v Huston, 88 NY2d 400 [1996]; People v Batashure, 75 NY2d 306, 311-312 [1990]). However, we reject defendant’s argument that the People should be denied leave to re-present. Concur—Tom, J.P., Andrias, Nardelli, DeGrasse and Freedman, JJ.