■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WARREN THOMAS, Appellant. [26 NYS3d 518]—

Judgment, Supreme Court, Bronx County (Peter J. Benitez, J., at dismissal motion; Michael R. Sonberg, J., at hearings; Lester B. Adler, J., at jury trial and sentencing), rendered January 29, 2010, convicting defendant of criminal possession of a weapon in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 20 years to life, unanimously affirmed.

The court properly denied defendant's motion to suppress physical evidence. When defendant discarded a pistol, this was not the product of any unlawful police activity. The officers, who were investigating a report of recent, nearby gunfire, had an objective, credible reason to approach defendant and ask if he had any information, and the officer's testimony, viewed as a whole, does not demonstrate that there was a seizure, even if the officer used the word "stop" in addressing defendant (*see e.g. People v Giles*, 223 AD2d 39 [1st Dept 1996], *lv denied* 89 NY2d 864 [1996]).

The hearing court, which suppressed defendant's initial oral statements as the product of a custodial interrogation, properly denied suppression of defendant's subsequent written statement, made after *Miranda* warnings following a pronounced break of at least four hours. Based on the totality of the relevant factors, we find that the written statement was sufficiently attenuated from the suppressed statements (*see People v Davis*, 106 AD3d 144 [1st Dept 2013], *lv denied* 21 NY3d 1073 [2013]).

Given the exacting standard that must be satisfied before the extraordinary remedy of dismissal of an indictment is warranted (*see People v Darby*, 75 NY2d 449, 455 [1990]), we find that although some of the prosecutor's questions and comments were inappropriate, they did not rise to the level of impairment of the integrity of the grand jury proceeding.

The challenged portions of the prosecutor's summation do not warrant reversal. The court's curative actions were sufficient to prevent the improper portions of the summation from causing prejudice, and the court properly exercised its discretion in denying defendant's mistrial motion.

We find no reason to reduce the sentence. Concur—Andrias, J.P., Saxe and Moskowitz Richter, JJ.