◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CAROLYN TRAMUTA, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County (Lawrence, J.), rendered May 1, 1984, convicting her of criminal sale of a controlled substance in the second degree and criminal possession of a controlled substance in the second degree, upon a jury verdict, and imposing sentence.

Judgment modified, on the law, by reducing the conviction of criminal sale of a controlled substance in the second degree to criminal sale of a controlled substance in the fifth degree, by reducing her conviction of criminal possession of a controlled substance in the second degree to criminal possession of a controlled substance in the seventh degree, and by vacating the sentence imposed. As so modified, judgment affirmed, and matter remitted to the County Court, Nassau County, for resentencing.

Defendant was indicted for criminal sale of a controlled substance in the second degree and criminal possession of a controlled substance in the second degree for knowingly possessing and selling lysergic acid diethylamide (LSD) to an undercover narcotics agent. Following a trial, the jury found her guilty as charged. The issue on this appeal is whether the evidence adduced at trial established beyond a reasonable doubt that defendant knew the substance she sold was LSD.

Viewing the evidence in the light most favorable to the People, as we are required to do in cases of this type (*see, People v Contes,* 60 NY2d 620), the evidence adduced at trial established

the following: According to a prearranged plan, undercover Police Officer Edward Jensen and a confidential informant met with the defendant and a second individual named Laura Rosenberg, on November 5, 1982, at Friendly's Restaurant on Old Country Road in Westbury. They discussed a proposed purchase by Jensen of "three thousand hits of mescaline" for $3,500. Arrangements were made to complete the transaction that night at a specified location. During this conversation, everyone referred to the drug to be purchased as mescaline. The deal was consummated and defendant was arrested at the scene of the transaction. An expert in controlled substances testified that the substance sold to Jensen was, in fact, LSD.

After she was arrested, defendant signed a written statement confessing to the sale of mescaline. Before signing the statement she had a conversation with the police and recounted the events leading to the arrest. She stated that Laura Rosenberg asked her to procure some mescaline for a guy named "Eddie" (Officer Jensen) and defendant convinced her boyfriend to supply her with the drugs. The police typed her statement as she spoke, referring to the drugs sold as LSD in one instance. Before defendant signed the statement she crossed out the reference to "LSD" and wrote "mescaline" in its place.

In order to support defendant's conviction, the prosecutor had to prove that defendant knew the substance she sold was LSD (Penal Law §§ 220.41, 220.18). The prosecution attempted to prove defendant's knowledge through circumstantial evidence. Police narcotics experts testified that, based on their experience, true mescaline, which is derived from cactus, is rarely if ever found in the Nassau County drug world. However, what is in reality LSD is customarily referred to by those involved in drug trafficking as mescaline. The People argue that the above testimony along with other evidence presented (that defendant was worldly in her use of drug-related euphemisms and street terms, and that her conduct during the instant transaction evidenced a familiarity with the practices of the illegal narcotics trade) proved that she knew the substance sold to Officer Jensen was LSD.

There was no evidence that defendant had been involved in prior narcotics transactions nor that she knew the terms "LSD" and "mescaline" were used interchangeably. In fact, her written statement evidences that she did not equate the terms in her mind. The expert testimony regarding terminology customarily used in the drug trafficking trade has no bearing on the issue of defendant's knowledge in the absence of a showing that she was familiar with that particular terminology. The proof in this case

simply does not establish beyond a reasonable doubt that defendant knowingly possessed and sold LSD. Therefore, we must reverse.

However, the evidence established a clear intent to possess and sell mescaline, a controlled substance. In fact, defendant admitted selling mescaline. Thus, we find that guilt of the lesser charges submitted to the jury, criminal sale of a controlled substance in the fifth degree (Penal Law § 220.31) and criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), was proven beyond a reasonable doubt. We note that defendant acquiesced in the prosecution's request for a charge down to these offenses and raised no objection to the court's charge. Therefore, we need not decide whether the lesser crimes were properly charged as lesser included offenses (*see, People v Ford,* 62 NY2d 275). Since the proof adduced at trial established defendant's guilt of the lesser offenses, her convictions are hereby reduced to criminal sale of a controlled substance in the fifth degree and criminal possession of a controlled substance in the seventh degree (CPL 470.15 [2] [a]), and this matter is remitted to the County Court, Nassau County, for resentencing. Lazer, J. P., Thompson, Niehoff and Rubin, JJ., concur.