■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY LEE NORFLEET, Appellant.—Appeal by the defendant from a judgment of the County Court, Rockland County (Edelstein, J.), dated July 17, 1986, convicting him of criminal sale of a controlled substance in the second degree (two counts), criminal sale of a controlled substance in the third

degree, criminal sale of a controlled substance in the fifth degree, criminal possession of a controlled substance in the third degree (three counts), and criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to prove that he knowingly possessed and sold lysergic acid diethylamide (hereinafter LSD). Viewing the evidence adduced at trial in a light most favorable to the People *(People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the conviction. The People proved that the defendant made four sales of LSD to an undercover officer over a period of several weeks. Prior to each sale, the undercover officer asked the defendant for "mesc", a shortened version of the word mescaline, which the evidence showed was then the street name for LSD. To fill the orders, the defendant drove to New York City, where he contacted his suppliers, and obtained LSD, which he then sold to the undercover officer. The defendant's ongoing experience buying and selling LSD evidenced his involvement in drug trafficking and warrants the inference that he was familiar with the fact that LSD was sold on the street as "mescaline". We conclude that the evidence was sufficient to establish beyond a reasonable doubt that the defendant knowingly possessed and sold LSD *(see, People v Green,* 35 NY2d 437, 442-443; *People v Reisman,* 29 NY2d 278; *People v Niven,* 135 AD2d 1088, *lv denied* 70 NY2d 958; *cf., People v Tramuta,* 109 AD2d 765).

The sentence imposed was not excessive. Sentences imposed after trial may be more severe than those proposed in connection with a plea *(People v Pena,* 50 NY2d 400, 412, *cert denied* 449 US 1087; *People v Patterson,* 106 AD2d 520). Bracken, J. P., Kunzeman, Eiber and Kooper, JJ., concur.