THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT C. RYAN, Appellant.

Third Department, December 3, 1992

**APPEARANCES OF COUNSEL**

*D. James O'Neil,* Poughkeepsie *(James P. Kelley* of counsel), for appellant.

*Michael V. Coccoma, District Attorney* of Otsego County, Cooperstown *(Brian D. Burns* of counsel), for respondent.

## OPINION OF THE COURT

LEVINE, J.

In October 1990, State Police Inspector Douglas Vredenburgh, acting pursuant to a search warrant and with the consent of Federal Express authorities, opened a package shipped via Federal Express and addressed to David Hopkins. The package held mushrooms containing psilocybin, a controlled substance under New York law (see, Public Health Law § 3306 [I] [d] [19]). Dressed in a Federal Express uniform, Vredenburgh delivered the package to Hopkins, who was arrested upon signing for it. Hopkins agreed to cooperate with the State Police and informed Vredenburgh that he was supposed to deliver the package to defendant. The State Police removed the mushrooms from the package and filled the package with newspaper prior to an arranged meeting between Hopkins and defendant. Under the close supervision of State Police investigators, Hopkins delivered the package to defendant, who was arrested upon accepting the package.

Defendant was indicted for attempted criminal possession of a controlled substance in the second degree in connection with his attempted receipt of the psilocybin. The completed substantive offense is defined as "knowingly and unlawfully possess[ing] * * * six hundred twenty-five milligrams of a hallucinogen" (Penal Law § 220.18 [5]). At trial, the People presented, inter alia, the testimony of a forensic scientist for the State Police, who testified that the aggregate weight of the mushroom material was 932.8 grams and that a uniform 140-gram sample yielded well in excess of 625 milligrams of psilocybin, as prohibited by Penal Law § 220.18 (5). The witness, however, was unable to indicate how the psilocybin was present in the mushrooms, whether it occurred naturally or was injected into them, or what amount of psilocybin would ordinarily appear in this quantity of psilocybin mushrooms.

At trial, County Court denied defendant's motion to dismiss that was premised on the ground that the People failed to prove that defendant had actual knowledge of the requisite weight of psilocybin in the mushrooms which he attempted to possess. County Court also denied defendant's request to submit to the jury the lesser included offense of attempted criminal possession of a controlled substance in the seventh degree, which does not require proof of the amount of the controlled substance involved. Defendant was subsequently convicted as charged, and was sentenced as a second felony offender to an indeterminate prison term of 10 years to life.

Defendant argues on appeal that County Court erred in denying his motion to dismiss for the People's failure to establish his knowledge that the mushrooms which he attempted to possess contained a pure weight of more than 625 milligrams of psilocybin. Essentially, defendant argues that actual knowledge of the requisite weight of the controlled substance that he attempted to possess is a necessary element of the crime which the People must establish beyond a reasonable doubt.

■ We decline to read such a requirement into Penal Law § 220.18. Certainly, under the language of Penal Law § 220.18 (5) itself, the actual weight of the controlled substance possessed, or attempted to be possessed, is an element of the crime (see, Penal Law § 220.18 [5]; cf., People v Mizell, 72 NY2d 651, 654-655). Likewise, proof of knowledge of the nature of the substance possessed is required (see, People v Niven, 135 AD2d 1088, lv denied 70 NY2d 958; People v Tramuta, 109 AD2d 765). These propositions, however, do not require that the People establish defendant's actual knowledge of the weight of the controlled substance that he attempted to possess.

Although there are no New York cases directly addressing this issue, several other State courts have held, under similar if not identical penal law provisions, that proof of actual knowledge of the requisite weight of controlled substances possessed is not an essential element of the crime of possession of a controlled substance, even when proof of actual weight is an element (see, e.g., Robertson v State of Delaware, 596 A2d 1345, 1354 [Del]; State of S. Dakota v Goodroad, 442 NW2d 246, 251 [SD]; People v Hamp, 170 Mich App 24, 34-35, 428 NW2d 16, 21, vacated in part on other grounds and appeal denied in part 437 Mich 865, 462 NW2d 589; Way v State of Florida, 475 So 2d 239, 241 [Fla]; see also, United States v Normandeau, 800 F2d 953; Commonwealth v Alvarez, 413 Mass 224, 596 NE2d 325). The reasoning of these decisions is that the term "knowingly", as used in defining controlled substance crimes, modifies only the possession requirement and not the weight element. Likewise, under Penal Law § 220.18 the term "knowingly" should be construed to refer only to the element of possession and not to the weight requirement. Therefore, we hold that actual knowledge of the requisite weight of the controlled substance possessed is not an element of Penal Law § 220.18.

In the present case, there was ample proof, including defendant's own admissions in the monitored telephone conversation, to indicate that defendant intended and attempted to unlawfully possess psilocybin while knowing the nature of the substance, and further that the amount of psilocybin ultimately proved to be over 625 milligrams. That defendant could not possibly have possessed the psilocybin under the actual circumstances is irrelevant (see, Penal Law § 110.10).

█ Our holding that proof of actual knowledge of the weight of the controlled substance is not an element of Penal Law § 220.18 forecloses defendant's argument that County Court should have submitted the lesser included offense of attempted criminal possession of a controlled substance in the seventh degree in its charge to the jury. While it is theoretically impossible to commit attempted criminal possession of a controlled substance in the second degree without concomitantly committing attempted criminal possession of a controlled substance in the seventh degree (see, Penal Law §§ 220.03, 220.18 [5]; *People v Glover*, 57 NY2d 61, 63), there was no reasonable view of the evidence that the weight of psilocybin which defendant attempted to possess was less than 625 milligrams (see, *People v Glover, supra*).

█ Additionally, it is true that County Court erred in charging the jury that it could convict defendant if it found that defendant attempted to possess in excess of 625 milligrams of psilocybin mushrooms. Penal Law § 220.18 (5) proscribes possession of in excess of 625 milligrams of psilocybin, not in excess of 625 milligrams of psilocybin mushrooms (see, Penal Law § 220.00 [9]; § 220.18 [5]; Public Health Law § 3306 [I] [d] [19]). There was no objection to the charge, however, and the issue is thus not preserved for our review (see, CPL 470.05; *People v Autry*, 75 NY2d 836, 839). It does not appear that this error prejudiced defendant, in view of the proof that approximately one seventh of the aggregate weight of the mushrooms that defendant attempted to possess yielded a quantity of psilocybin well in excess of the statutory requirement. Therefore, we decline to exercise our discretionary power to reverse in the interest of justice (see, CPL 470.15).

█ Finally, we reject defendant's contention that his conviction should be reversed because County Court improperly denied his request to proceed *pro se*. After the denial of his motion, however, defendant conceded in a letter to County Court that his interests were better served by being repre-

sented by an attorney, thus waiving any objection to the denial of his request.

We have considered defendant's other contentions, including that his sentence was harsh and excessive, and find them to be without merit.

YESAWICH JR., J. P., MERCURE, MAHONEY and HARVEY, JJ., concur.

Ordered that the judgment is affirmed.