OPINION OF THE COURT
Joel M. Goldberg, J.
The defendant’s motion pursuant to CPL 210.30 to inspect the Grand Jury minutes and dismiss or reduce the charges, dated February 17, 1994, upon consideration of the People’s response, dated April 4,1994, is decided as follows:
Count one, criminal possession of a controlled substance in the first degree (Penal Law §220.21 [1]), and count two, criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), are dismissed due to defects in the Grand Jury charge which impaired the integrity of the proceedings to such a degree that the defendant may have been prejudiced. (CPL 210.35 [5].)
The evidence before the Grand Jury showed that the defendant was arrested on December 30, 1993 after being observed in possession of what is commonly referred to as a "crack pipe.” A subsequent search of the defendant revealed three plastic bags — two containing "a rock-like substance and one with a powdery substance.” No details were elicited as to what the defendant was doing at the time of his arrest or where on his person the three bags were found. A police laboratory report stated the crack pipe contained less than 0.1 grain of cocaine and the contents of the three bags each contained cocaine and had a total aggregate weight of 7% ounces.
On January 5, 1994, the Grand Jury voted to indict the defendant for possession of a controlled substance in the seventh degree, a class A misdemeanor, with respect to the cocaine found in the crack pipe, possession of a controlled substance in the first degree, a class A-l felony, with respect to the cocaine found in the bags, and possession of a controlled substance in the third degree (intent to sell), a class B felony.
In charging the Grand Jury on criminal possession in the first degree, the prosecutor stated: "If you find from the credible and legally sufficient evidence that [at the time and place alleged] the defendant did knowingly and unlawfully possess one or more preparations, compounds, mixtures or substances of an aggregate weight of four ounces or more *815 containing a narcotic drug, that drug being cocaine as listed in People’s number one in evidence [the police laboratory report], you may return one count of criminal possession of a controlled substance in the first degree.” The Grand Jury was not charged that to indict for possession in the first degree, the statutory term "knowingly and unlawfully possesses,” as used in Penal Law § 220.21 (1), requires a finding of reasonable cause to believe the defendant knew the substance containing cocaine had an aggregate weight of four ounces or more. The failure to so charge was error.
Establishing knowledge of the weight as an element of the crime was required by the Court of Appeals in People v Ryan (82 NY2d 497 [1993]), which was decided on December 16, 1993, three weeks prior to the Grand Jury’s vote in this case. In deciding that a defendant’s knowledge of the weight must be shown, the Court of Appeals reversed a unanimous Appellate Division, Third Department (184 AD2d 24), which had held that the statutory term "knowingly and unlawfully possesses” did not require proof of a defendant’s knowledge of the weight of the material possessed. Prior to Ryan no reported case had construed this statutory language to require a defendant’s knowledge of the weight to be established as an element. (See, People v Ryan, 184 AD2d 24, 27.)
In narcotics cases prior to Ryan (supra) where the weight of the material was an element, Kings County Grand Juries were routinely charged, as was done in this case, by merely reading the appropriate Penal Law article 220 statute. In accordance with the prevailing view of the law prior to Ryan, the Kings County District Attorney’s office took the position that their pr e-Ryan charge did not require the Grand Jury to find reasonable cause to believe the defendant knew the weight of the material possessed. However, by continuing to use only the statutory language after Ryan to charge the Grand Jury, the People are, in effect, now asserting that the meaning conveyed by their Grand Jury charge has changed, even though the words in the charge remain the same. Such an argument is not persuasive.
The reversal by the Court of Appeals of the unanimous Third Department decision in Ryan (supra) demonstrated that the statutory term "knowingly and unlawfully possesses,” as used in Penal Law article 220, was so ambiguous that even the highest courts in our State could differ over its meaning. In fact, in its decision to reverse the Appellate Division’s interpretation, the Court of Appeals, in addition to looking at *816 the "plain language” of the statute, also cited general rules of statutory construction, the over-all format of Penal Law article 220, and previously decided cases "suggesting” that knowledge of the weight was an element. (People v Ryan, supra, at 504.) Thus, the ambiguity of the statute was made evident by Ryan, and what is now clear is that merely repeating the statute in a Grand Jury charge does not sufficiently indicate that knowledge of the weight is an element of the crime.
Furthermore, although a Grand Jury need not be instructed with the same degree of precision as a petit jury, the Grand Jury must be given "enough information to enable it intelligently to decide whether a crime has been committed and to determine whether there exists legally sufficient evidence to establish the material elements of the crime.” (People v Calbud, Inc., 49 NY2d 389, 394-395 [1980] [emphasis added].) In Calbud, the Court of Appeals noted, "In the ordinary case, this standard may be met by reading to the Grand Jury from the appropriate sections of the Penal Law.” (Supra, at 395, n 1.) However, this is not the "ordinary case,” because the appropriate section of the Penal Law is so ambiguously phrased.
In this case, use of only the statutory language in the charge was, therefore, so misleading and incomplete as to substantially undermine the essential fact-finding function of the Grand Jury. (People v Calbud, Inc., supra, at 396.) Although the People may believe that proving knowledge of the weight may be " 'prohibitively difficult’, if not impossible,” this would, of course, be no excuse for a deliberate attempt to avoid the consequences of the Ryan decision in the Grand Jury. (See, People v Ryan, supra, at 505.) Whether or not the People’s actions were deliberate, it was impermissible to remove from the Grand Jury by improper instructions their exclusive province to determine whether there is sufficient evidence establishing each element of the crime charged. (People v Batashure, 75 NY2d 306, 311 [1990]; People v Caracciola, 78 NY2d 1021 [1991] [where legal instructions on justification were too confusing to have been understood by a Grand Jury, a resulting indictment based on the use of excessive force is defective].)
Notably, within a week of the Court of Appeals decision in Ryan (supra), the Committee on Criminal Jury Instructions sent Trial Judges a bulletin alerting them that for drug offenses where the weight of the substance is an element, merely repeating the statute was no longer appropriate and *817 that juries should additionally be charged that the People must prove the defendant had knowledge that the substance allegedly possessed was of the requisite weight. (See, Bulletin from the Committee on Criminal Jury Instructions, Dec. 22, 1993.) The prosecutor had no less an obligation to so inform this Grand Jury. (People v Calbud, Inc., supra.)
No determination has been made as to the "legal sufficiency” of the evidence, that is, whether the evidence presented in this case established the defendant’s knowledge of the weight. Where a Grand Jury charge is prejudicially defective, the Criminal Procedure Law makes no provision for a reduction of the defectively charged count to a lesser-included offense. Therefore, count one, criminal possession of a controlled substance in the first degree, is dismissed rather than reduced, pursuant to CPL 210.20 (1-a), to a lesser-included offense.
There could be situations where the evidence before the Grand Jury showing a defendant’s knowledge of the weight of the material possessed was so strong that a failure to charge the Grand Jury on this element could not have possibly prejudiced the defendant. In such a case, the error would be harmless and need not result in a dismissal. (Compare, People v Di Falco, 44 NY2d 482, 488 [1978].) However, this is not such a case.
Count two, possession in the third degree (intent to sell), is dismissed, because the Grand Jury was never instructed that "intent to sell” was an element. The Grand Jury was charged that, "If you find from the credible and legally sufficient evidence that [at the time and place alleged] the defendant, Mr. Louis Crooks, did possess a narcotic drug, and that drug being cocaine as listed in People’s number one in evidence, you may return one count of criminal possession of a controlled substance in the third degree.”
Because "intent to sell” was not charged as an element, there is nothing to indicate that the Grand Jury deliberated on this issue and found the defendant possessed cocaine with intent to sell.
In their response, the People state that the "form of packaging indicates that these drugs were not packaged to be resold but for the defendant’s own personal consumption.” The source of the People’s information for this assertion is not given. Nevertheless, if this assertion has a factual basis, then *818 the defendant’s indictment for possession with "intent to sell” may indeed have been improper.
Accordingly, counts one and two are dismissed. The People may present the dismissed charges to another Grand Jury. (CPL 210.20 [4]; [1] [c])