OPINION OF THE COURT
Gerald Sheindlin, J.
The defendant has been indicted for criminal sale of a controlled substance in the third degree, three counts of criminal possession of a controlled substance in the third degree, and criminal possession of a weapon in the third degree. Due to the People’s failure to adequately respond to the defendant’s motion to reduce count six, this court previously reduced that count of the indictment from criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [12]) to criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03). The People now move this court for reargument and reinstatement of count six as originally charged by the Grand Jury. The motion to reargue and to reinstate the sixth count of the indictment is granted.
To establish the charge of criminal possession of a controlled substance in the third degree based on an aggregate weight theory, the People must prove not only that the defendant knew the items possessed were controlled substances but that she knew the weight of the drugs possessed. (People v Ryan, 82 NY2d 497, 502 [1993].) The Court in Ryan noted that knowledge of the weight of the drug possessed may be inferred from evidence of negotiations concerning weight, potency or price or, for charges based on an aggregate weight theory, from evidence of the defendant’s handling of the material. (Supra, at 505.) However, where evidence of the defendant’s handling of the drug is limited to mere physical *723 possession of a package containing a controlled substance, the defendant’s knowledge of the weight of the drug possessed is not established. Additional evidence is required to allow a jury to infer the defendant knew the weight of the drug possessed. (People v Sanchez, 205 AD2d 472; People v Paulino, NYLJ, Feb. 16, 1994, at 22, col 2 [Sup Ct, NY County] [People failed to prove the defendant knew the weight of the drug possessed where he merely threw the drugs and there were no negotiations concerning weight, potency or price]; but see, People v Dillon, 207 AD2d 793 [brief handling of drugs sufficient to establish defendant’s knowledge of weight where weight of drugs far exceeds statutory requirements].)
Evidence presented to the Grand Jury established that the defendant conducted drug transactions with an undercover police officer and a civilian wherein the price and quantity of cocaine and heroin were discussed prior to the actual sale. Subsequent to the defendant’s arrest, a translucent paper bag was recovered in the vicinity of the defendant. This bag contained approximately 26 vials of alleged crack/cocaine, 51 bags of alleged cocaine, and 19 glossines of alleged heroin. The translucent bag also contained approximately $1,500 cash and a loaded gun. The laboratory report indicated that the total weight of the cocaine and heroin was seven eighths of an ounce plus 12 grains.
In the instant case, there was evidence that the defendant handled each drug when she sold the drugs separately to the undercover officer and the civilian. The evidence further established that the defendant engaged in conversations about price and quantity in negotiating each sale. Accordingly, under the facts of this case, the defendant’s knowledge of the weight of the controlled substances possessed can be inferred from her handling of the drugs. Therefore, the People have presented to the Grand Jury a prima facie case of the defendant’s knowledge of the weight of the controlled substances possessed.
In addition to the evidence presented to the Grand Jury, the court has examined the instructions given by the prosecutor. As its legal advisor, the prosecutor "must instruct the grand *724 jury concerning the law with respect to its duties and any matter before it.” (CPL 190.25 [6].) The prosecutor need not charge the Grand Jury with the precision required for a petit jury but must provide "enough information to enable it intelligently to decide whether a crime has been committed and to determine whether there exists legally sufficient evidence to establish the material elements of the crime.” (People v Calbud, Inc., 49 NY2d 389, 394-395 [1980]; see also, People v Batashure, 75 NY2d 306, 311 [1990]; People v Valles, 62 NY2d 36, 38 [1984].) The Assistant District Attorney defined the terms "possession” and "constructive possession” for the Grand Jury and read Penal Law § 220.16 (12). However, the Assistant did not specifically charge the Grand Jury that it must find that the defendant knew the weight of the drugs possessed.
The facts of a particular case determine whether a specific instruction concerning the defendant’s knowledge of the weight of the controlled substances possessed is required in the Grand Jury. "In many cases, where the evidence easily supports an inference of knowledge of the weight of the drug, a specific Grand Jury instruction might be unnecessary.” (People v Rivera, NYLJ, May 23, 1994, at 28, col 3, at 29, col 3, 161 Misc 2d 237 [partially published] [Sup Ct, NY County] [specific instruction necessary where the defendant accepted mail delivery of a photo album in which over two ounces of cocaine had been secreted]; see also, People v Crooks, 160 Misc 2d 813, 817 [Sup Ct, Kings County] ["There could be situations where the evidence before the Grand Jury showing a defendant’s knowledge of the weight of the material possessed was so strong that a failure to charge the grand jury on this element could not have possibly prejudiced the defendant. In such a case, the error would be harmless and need not result in a dismissal.”])
In the instant case, where the evidence clearly established the defendant’s handling of the substances and negotiations concerning price and quantity, this court rules that the People were not required to charge the Grand Jury concerning proof of the defendant’s knowledge of the weight of the controlled substances possessed. Therefore, the People’s failure *725 to charge the Grand Jury specifically in the language of Ryan (supra) does not require either dismissal of the indictment or reduction of the aggregate weight charge.*
For the foregoing reasons, the People’s motion to reargue and to reinstate count six of the indictment is granted.

 At least one court interpreting Ryan (supra) has held it inapplicable to the Grand Jury. (See, People v Garcia, 161 Misc 2d 1 [Sup Ct, Bronx County].) This court is merely ruling that, under the circumstances of this case, the error, if any, did not so affect the integrity of the Grand Jury proceedings as to require dismissal of the indictment. (CPL 210.20 [1] [c]; 210.35 [5].) Further, if the People elect to charge actual knowledge of weight, the issue of whether the People may present prior drug transactions or convictions to establish an inference of knowledge is presented. (See, People v Morales, indictment No. 3013/93, Bronx County.)