OPINION OF THE COURT
Caesar D. Cirigliano, J.
The defendant, who has been indicted for the crimes of attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the fourth degree, has moved, by his attorney, for various relief. The court granted the defendant’s motion to inspect and read the Grand Jury minutes in camera. By a decision and order dated April 16, 1997, the court released the portion of the Grand Jury minutes containing the Assistant District Attorney’s charge on the law to defense counsel and invited his comments. (CPL 210.30 [3].) In response, defense counsel has submitted a memorandum of law.
The evidence adduced before the Grand Jury by the defendant and his mother was to the effect that he and the complainant became embroiled in a fistfight in the lobby of the apartment building where the defendant and his mother lived. The apartment was on the first floor. When the defendant’s mother became aware of the disturbance, she called to him and he broke off the fight and entered the apartment. The complainant, however, who was drunk, followed the defendant and forced his way into the apartment, knocking down the defendant’s mother as he shoved open the door. The defendant then retrieved a box cutter from either his pocket or a drawer *643 and physically forced the complainant from the apartment, cutting him as he did so. Defendant testified further that the complainant refused to release him in the lobby, where they continued to wrestle and that the defendant cut him again in attempting to free himself.
Because the evidence before the Grand Jury included statements by the defendant that he acted to protect himself from the imminent use of deadly physical force, the Assistant District Attorney charged justification under Penal Law § 35.15. (People v Goetz, 68 NY2d 96; People v Valles, 62 NY2d 36.) However, despite the defendant’s testimony that he cut the complainant while forcing him from his mother’s apartment, where the complainant had trespassed to assault him (see, Penal Law § 140.20), the Assistant District Attorney failed to charge justification under Penal Law § 35.20.
Where the evidence would support a finding that the defendant was justified in using deadly physical force either to resist the imminent use of deadly force (Penal Law § 35.15 [2] [a]), or to terminate an attempted burglary (Penal Law § 35.20 [3]), a trial court must instruct the jury on both theories of justification. (Cf., People v Chung-Li Wang, 164 Misc 2d 707.) The distinction between the two may be critical, since the defendant may legally use deadly physical force to terminate a burglary attempt even though the victim has threatened or used only physical force, and not deadly physical force, to enter the premises or to commit the crime therein. The failure to provide this instruction to the Grand Jury renders the proceedings defective at least where the evidence indicates that, had the instruction been given, there is a reasonable possibility no indictment would have been returned. (People v Valles, 62 NY2d 36, supra.) Under the evidence presented here, the court finds that the defendant’s statements to the Grand Jury presented a basis for finding justification upon either theory. The defendant not only testified that he believed the complainant might kill him, he also testified that he cut him trying to get him out of the apartment after the complainant broke in to assault him. Penal Law § 35.20 (3) therefore had to be charged.
Similarly, the justification charge actually given was so misleading as to impair the integrity of the proceedings to the prejudice of the defendant. While the Assistant District Attorney correctly read Penal Law § 35.15 to the Grand Jury, he did so before submitting any criminal charges to them or telling them that justification is a defense to any of the charges that he would be submitting later. Rather, he told them "to de *644 liberate” with respect to justification in the absence of any substantive criminal charge. This was misleading, incomplete and confusing. Deliberate as to what? A Grand Jury can only indict or dismiss with respect to a charge before it. (GPL 190.60.) Here, there was none. Moreover, after "deliberating” with respect to justification, substantive charges were then submitted to the Grand Jury. When again instructed by the Assistant District Attorney to deliberate, the Grand Jury was not instructed to consider justification with respect to these charges. There was therefore a very real possibility that the Grand Jury did not understand that justification was a complete defense to the attempted murder and assault charges, therefore prejudicing the defendant. (Cf., People v Crooks, 160 Misc 2d 813.)
While a prosecutor’s charge to a Grand Jury need not be as complete or detailed as a Judge’s charge to a petit jury, it must still give guidance adequate for the Grand Jury intelligently to decide whether a crime has been committed and to determine whether there exists legally sufficient evidence to establish the material elements of the crime. In most cases, the prosecutor’s obligation to instruct the Grand Jury may be met by reading the appropriate sections of the Penal Law. (People v Calbud, Inc., 49 NY2d 389.) However, where as here the instructions to the Grand Jury were so misleading, incomplete, or confusing as to create the possibility of prejudice to the defendant, the integrity of the proceedings have been impaired, and the indictment must be dismissed even though supported by legally sufficient evidence. (People v Huston, 88 NY2d 400; People v Caracciola, 78 NY2d 1021; People v Batashure, 75 NY2d 306; People v Calbud, Inc., 49 NY2d 389, supra.)
Under these circumstances, the court finds that the omission to charge justification under Penal Law § 35.20 based on defendant’s conduct in terminating the burglary as well as the manner in which the Penal Law § 35.15 charge was given requires that the attempted murder and assault counts be dismissed with leave to re-present them in accordance with this decision.
The court is not required to dismiss the count of criminal possession of a weapon in the fourth degree, since justification is not a defense to that charge (People v Pons, 68 NY2d 264), and the evidence was legally sufficient to establish this crime.
With respect to the balance of the requested relief, a Sandoval hearing is granted. The People are also reminded of their continuing duty to disclose exculpatory material and specifi *645 cally of their obligation under Brady v Maryland (373 US 83) and Giglio v United States (405 US 150) and their obligations under CPL 240.43.
The motion is otherwise denied.