OPINION OF THE COURT
Peter J. Benitez, J.
Defendant is charged in the captioned indictment with criminal possession of a weapon in the third degree and other offenses. He has filed an omnibus motion seeking various forms of pretrial relief. The motions are decided as follows.
Defendant’s motion for court inspection of the grand jury minutes is granted. The motion for release of the grand jury minutes is denied. Having carefully examined the minutes, the court finds that the evidence adduced before the grand jury was legally sufficient to support counts 1, 2 and 4 of the indictment. Further, the instructions given to the grand jury and the procedures employed did not impair the integrity of the proceedings with respect to those counts. Accordingly, the motion to dismiss or reduce is denied as to those three counts.
However, with respect to count 2 of the indictment charging defendant with criminal possession of a weapon in the third degree under Penal Law § 265.02 (4), the court reviewed the grand jury minutes and noted that the Assistant District Attorney failed to read the “home or place of business” exception to the grand jury when charging them on the elements of that offense. Generally, this court has ruled that such omission in the charge does not render the count defective so long as this element was properly pleaded in the indictment, the evidence presented to the grand jury clearly established that the place where defendant was found to be in possession of the loaded firearm was not his home or place of business and no factual issue was raised by the evidence as to whether or not that place was defendant’s home or place of business. The court has based these previous determinations on decisional law stating that a grand jury need not be instructed with the same degree of precision required for a petit jury, so long as the grand jury is provided with enough information to enable it to intelligently decide whether a crime has been committed and whether there is legally sufficient evidence to establish the material elements of the crime. (See People v Calbud, Inc., 49 NY2d 389 [1980]; see also, People v Vincente, 183 AD2d 940 [3d Dept 1992] [failure to *713 instruct grand jury about corroboration of accomplice testimony did not affect the integrity of the grand jury]; People v Serrano, 162 Misc 2d 721 [Sup Ct, Bronx County 1994] [failure to charge grand jury that it must find defendant knew the weight of the drugs possessed did not require dismissal of indictment].)
In the instant case, however, a factual issue arose as to whether the apartment where defendant was alleged to have possessed the loaded firearm and other contraband was his home. The People presented testimony that a city marshal performing an eviction at 16 Elliot Place, apartment 5C, Bronx, New York, discovered drugs and summoned the police who also recovered a loaded defaced 9 millimeter weapon and rounds of ammunition. While inside the apartment, the officers heard someone attempting to open the door with keys. The officers opened the door and saw defendant who attempted to flee by struggling with police. According to police testimony, defendant was found to be in possession of keys to the apartment as well as to a master lock for a closet where contraband was found, and was arrested for possession of the marijuana, the gun and the ammunition.
Following this testimony, defendant testified before the grand jury and stated that the apartment where the gun and marijuana were found was not his residence and that he was there only to visit his friend. Defendant denied that he had keys to the apartment or to the master lock.
Thereafter, the People presented testimony by a person who testified that he knew defendant to be the “occupant” of apartment 5C. That person provided a factual basis for that assertion which the court need not disclose.
At the completion of the testimony, the People instructed the grand jury as to the four counts charged in the indictment, each of which charged knowing possession of specific contraband. As to all counts, the Assistant District Attorney instructed the grand jurors on possession, correctly telling them that one way to possess something is to exercise dominion or control over it, which constitutes “constructive possession.” The Assistant further correctly instructed the grand jury that dominion or control over contraband may be established by proof of a certain level of control over the place where the contraband is found. As to the charge of criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]), the Assistant instructed the grand jury as follows: “A person is guilty of criminal possession of a weapon in the third degree when such person possesses any *714 loaded firearm.” The Assistant did not instruct the panel that “[s]uch possession shall not . . . constitute a violation of this section if such possession takes place in such person’s home or place of business.” (See, Penal Law § 265.02 [4].)
It is clearly possible for a person to exercise dominion and control over contraband in an apartment that is not that person’s home. Defendant, in his testimony, claimed that the apartment was not his home and that he did not otherwise have any dominion or control over the apartment or its contents. The People’s proof suggested both that it was defendant’s apartment and, even if not, that he had access to and control over it and, therefore, over its contents. Accordingly, it was necessary that the grand jury decide both the factual question of whether defendant exercised dominion and control over the contraband (as to all counts) and the factual question of whether or not it was also defendant’s “home” (as to count 3). While the evidence clearly was legally sufficient for the grand jury to have found both that defendant had constructive possession of the contraband and that it was defendant’s “home,” the grand jury needed to be properly instructed on the elements of the offenses.
It is an element of the offense of criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]) that the weapon was not possessed in defendant’s home or place of business. (People v Rodriguez, 68 NY2d 674 [1986].) Accordingly, the People must prove that the place was not defendant’s home or place of business. As the evidence before the grand jury presented a factual issue as to this element, the Assistant was obligated to instruct the grand jury that possession of a loaded firearm in one’s home was not a violation of Penal Law § 265.02 (4) in order for the grand jury to have sufficient information “to enable it intelligently to decide whether a crime has been committed and to determine whether there exists legally sufficient evidence to establish the material elements of the crime.” (See People v Calbud, Inc., supra at 394-395.) Here, the instructions given by the Assistant, by omitting the “home or place of business exception,” did not advise the grand jury of an essential element of that offense and prevented the grand jury from determining whether or not the evidence warranted the charge of criminal possession of a weapon in the third degree under Penal Law § 265.02 (4). Accordingly, pursuant to CPL 210.20 (1-a), count 3 of the indictment is reduced to the lesser included offense of criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [1]). This court authorizes the People to represent the charge to the grand jury.
*715 The motion to suppress physical evidence is granted to the extent that a Mapp hearing is ordered only as to the property recovered from the person of defendant. Defendant contends that he was arrested without probable cause and, under the circumstances here, such is sufficient to entitle defendant to a hearing on the lawfulness of the search of his person. Whether or not defendant has standing to challenge the search of the apartment (which also may turn on whether or not it is defendant’s home), defendant has failed to allege facts which, if true, would render the search unlawful. The People have alleged that the contraband was found by city marshals while conducting a lawful eviction. Defendant has not alleged any facts disputing such basis for the presence of the marshals in the apartment.
The motion to suppress evidence of statements made to law enforcement personnel is granted to the extent that a Huntley hearing is ordered with the consent of the People. The scope of said hearing should include a determination of whether statement evidence is the product of any Fourth Amendment violation.
Defendant’s Sandoval application is referred to the trial court.