■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN DAVIS, Appellant. [683 NYS2d 502] —Judgment, Supreme Court, New York County (Patricia Williams, J.), rendered March 17, 1995, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against its weight. When assessed in the light most favorable to the People and giving them the benefit of every reasonable inference, the proof was sufficient to establish defendant's guilt of the crime charged beyond a reasonable doubt. Defendant's challenges to the credibility of the People's witnesses were presented to the jury for consideration, and our review reveals no basis to disturb its determinations (People v Bleakley, 69 NY2d 490). Given these credibility determinations, there was an ample basis, including testimony of defendant's conduct after the incident, from which his guilt could be inferred.

The trial court appropriately exercised its discretion in permitting testimony regarding observation of defendant, in

the vicinity of the shooting within an hour thereafter, in possession of a bag showing the outline of a gun of a type consistent with the ballistics evidence (*People v Del Vermo*, 192 NY 470, 481). The prosecutor was under no obligation to seek an advance ruling regarding the admissibility of material evidence regarding defendant's connection with the murder. In view of the adjournment afforded defense counsel for the purpose of investigation and preparation for cross-examination, there is no support for defendant's claim that he suffered prejudice from admission of the evidence without such an advance ruling.

The trial court properly denied defendant's motion for dismissal of the indictment made on the ground that it was based on perjured testimony. Although the prosecutor advised defendant and the court of his belief that one witness had offered perjured testimony before the Grand Jury, the record indicates that there was additional, apparently competent evidence before the Grand Jury to support the indictment (*see, People v Swamp*, 84 NY2d 725, 731-732). Thus, the prosecutor's duty to disclose the facts and seek permission to resubmit the case was not triggered because there was no reason to conclude that the indictment had been based solely upon perjured testimony (*see, People v Pelchat*, 62 NY2d 97, 107). Further, even though the reliability of the apparently competent testimony before the Grand Jury was also challenged at the time a particular Grand Jury witness testified at trial, there was no indication that this witness had testified falsely before the Grand Jury. Defendant's claim that his motion to dismiss the indictment should have been granted for lack of sufficient evidence is barred because the judgment of conviction was based upon legally sufficient evidence adduced at trial (CPL 210.30 [6]).

Finally, defendant cites parts of the prosecutor's summation as improperly inviting the jury to convict defendant of murder on the theory that he was acting as an accomplice to the person who fired the fatal shot, and that this departure from the indictment (which charged defendant as a principal) deprived defendant of a fair trial. The record reveals that defendant's objections to this tactic were, in the main, sustained by the trial court.

We also note that New York criminal law draws no distinction between principal and accessorial liability (Penal Law § 20.00). A defendant may be lawfully convicted as an accomplice to a crime where the indictment charges him as a principal (*People v Rivera*, 84 NY2d 766; *People v Guidice*, 83 NY2d 630). But here, prior to summations, the trial court

explicitly rejected any submission to the jury of accomplice liability, and no reference was made to this jury option in the court's charge. We are satisfied, in light of the court's instructions, that the jury found defendant guilty of murder as a principal thereto.

We have reviewed defendant's remaining contentions and find that they do not warrant reversal. Concur—Rosenberger, J. P., Nardelli, Wallach and Rubin, JJ.