■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC CROWDER, Appellant. [843 NYS2d 37]—

Judgment, Supreme Court, New York County (Joan C. Sudolnik, J.), rendered March 11, 2005, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the fourth degree, and sentencing him, as a second felony offender, to an aggregate term of 4½ to 9 years, unanimously affirmed.

The court properly denied defendant's midtrial and postverdict motions to dismiss the indictment on the ground that it was allegedly based on perjured testimony. While one of the People's grand jury witnesses gave incorrect testimony about the recovery of drugs from defendant's person, defendant has not established that this testimony was perjurious, as opposed to being honestly mistaken. In any event, there was no impairment of the integrity of the grand jury proceeding to warrant dismissal (*see* CPL 210.35 [5]; *People v Darby*, 75 NY2d 449, 455 [1990]). Rather than being based entirely on false testimony (*compare People v Pelchat*, 62 NY2d 97 [1984]), the indictment was supported by ample competent evidence (*see People v Davis*, 256 AD2d 200, 201 [1998], *lv denied* 93 NY2d 898 [1999]; *see also People v Crawford*, 277 AD2d 44 [2000], *lv denied* 96 NY2d 799 [2001]).

For the reasons stated in our decision in *People v Lemos* (34 AD3d 343 [2006], *lv denied* 8 NY3d 924 [2007]), we find unpreserved defendant's argument that the court unlawfully imposed a mandatory surcharge and fees when it did so only in writing, and we decline to review it in the interest of justice. Were we to review it, we would find it without merit. Concur—Andrias, J.P., Sullivan, Catterson, McGuire and Malone, JJ.