Judgment, Supreme Court, New York County (Carol Berk-man, J.), rendered March 15, 2010, convicting defendant Kakhaber Gogoladze, after a jury trial, of robbery in the second degree and grand larceny in the second degree, and sentencing him to concurrent terms of five years and l2/3 to 5 years, unanimously affirmed. Judgment, same court and Justice, rendered February 25, 2010, convicting defendant Ekkehart Schwarz, after a jury trial, of robbery in the first degree, two counts of robbery in the second degree and grand larceny in the second degree, and sentencing him to concurrent terms of eight years, eight years and 5 to 15 years, and order, same court and Justice, entered on or about June 7, 2012, which denied Schwarz’s CPL 440.10 motion to vacate the judgment, unanimously affirmed.
Defendant Schwarz’s argument that the evidence was insufficient to establish his accessorial liability is unavailing. As to each of the two incidents at issue, the evidence supports reasonable inferences that Schwarz intended to forcibly steal property and was liable for the acts of his two codefendants (see Penal Law § 20.00). Schwarz did not preserve his challenges to the proof supporting other elements of the crimes of which he was convicted, and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits.
We also reject each defendant’s claim that the verdict was against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury’s credibility determinations.
The court properly denied Schwarz’s CPL 440.10 motion, in which he alleged ineffective assistance of counsel. The trial record and the submissions on the motion establish that Schwarz received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Schwarz has not shown that any of his counsel’s alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individu *418 ally or collectively, they deprived him of a fair trial or affected the outcome of the case. In particular, many of Schwarz’s lawyer’s alleged omissions involved matters that were adequately pursued by the lawyers for Gogoladze and the other jointly tried codefendant, and Schwarz has not established that his counsel’s failure to duplicate cocounsels’ efforts was objectively unreasonable, or that it caused any prejudice (see People v Ross, 209 AD2d 730 [2d Dept 1994], lv denied 84 NY2d 1038 [1995]). Schwarz’s counsel’s other alleged errors and omissions were of minor significance.
Under the circumstances present, the prosecutor did not have a duty to “correct” testimony by the victim that was inconsistent with an interview report. The interview notes were available to defendants, who had a full opportunity to use them for impeachment purposes to the extent they saw fit, and there has been no showing of prejudice (see e.g. People v Reckovic, 100 AD3d 427, 428 [1st Dept 2012], lv denied 20 NY3d 1103 [2013]). Schwarz’s constitutional claims relating to this issue are without merit.
The court properly exercised its discretion in admitting into evidence two documents that were found on the computer of the jointly tried third defendant. These documents were relevant to issues such as intent, and their probative value exceeded any potential for prejudice (see generally People v Scarola, 71 NY2d 769, 777 [1988]; People v Alvino, 71 NY2d 233, 242 [1987]).
The court properly exercised its discretion in denying defendant Gogoladze’s request to introduce certain intercepted phone conversations. This evidence constituted hearsay having no relevant purpose other than to prove the truth of the matter asserted (see People v Reynoso, 73 NY2d 816, 818-819 [1988]). Gogoladze did not preserve the theories of admissibility he asserts on appeal, or his claim that he was constitutionally entitled to introduce this evidence (see People v Lane, 7 NY3d 888, 889 [2006]). Since Schwarz did not join in the application, he did not preserve either a state law or a constitutional claim (see People v Buckley, 75 NY2d 843, 846 [1990]). We decline to review any of these unpreserved claims in the interest of justice. As an alternative holding, we reject them on the merits.
Schwarz’s related claim that the prosecutor made an improper summation remark concerning defense access to the intercepted conversations does not warrant reversal, since the court’s instructions were sufficient to prevent any prejudice. Schwarz’s remaining challenges to the prosecutor’s opening and closing statements are unpreserved (see People v Romero, 7 NY3d 911, *419 912 [2006]), and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (see People v Overlee, 236 AD2d 133 [1997], lv denied 91 NY2d 976 [1998]; People v D'Alessandro, 184 AD2d 114, 118-119 [1992], lv denied 81 NY2d 884 [1993]).
The court’s instruction on whether a factual omission may constitute a prior inconsistent statement was in accordance with the law (see People v Bornholdt, 33 NY2d 75, 88-89 [1973], cert denied sub nom. Victory v New York, 416 US 905 [1974]). Schwarz’s remaining challenges to the court’s charge are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits.
We decline to invoke our interest of justice jurisdiction to dismiss the noninclusory concurrent counts of second-degree robbery and second-degree grand larceny of which defendant Schwarz was convicted (see People v Black, 66 AD3d 512, 513 [1st Dept 2009], lv denied 13 NY3d 937 [2010]).
We perceive no basis for reducing either defendant’s sentence. Concur — Mazzarelli, J.E, Acosta, Saxe and Moskowitz, JJ.