■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS GASTON, Appellant. [23 NYS3d 232]—

Judgment, Supreme Court, New York County (Maxwell Wiley, J.), rendered October 26, 2011, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to a term of 7½ years, unanimously affirmed.

The verdict, which rejected defendant's agency defense, was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. Even under the version of the facts reflected in defendant's testimony, the evidence supports the conclusion that the heroin defendant received was not an "incidental benefit" for performing a "favor" (*People v Lam Lek Chong*, 45 NY2d 64, 75 [1978], *cert denied* 439 US 935 [1978]), but was defendant's primary motivation for obtaining heroin for the undercover purchaser (*see e.g. People v Abdallah*, 112 AD3d 415 [1st Dept 2013], *lv denied* 22 NY3d 1086 [2014]; *People v Sanchez*, 35 AD3d 161 [1st Dept 2006], *lv denied* 8 NY3d 949 [2007]).

Defendant was not prejudiced by a remark in the prosecutor's opening statement that allegedly asserted a theory that was at variance with the indictment. Even assuming, without deciding, the existence of such a variance, it did not deprive defendant of a fair trial. Although defendant asserts that the alleg-

edly improper theory "pervaded" the case, we conclude that the trial evidence, the prosecutor's summation, the court's charge, and the jury's verdict were all consistent with the theory of the indictment as defendant interprets it (*see People v Davis*, 256 AD2d 200, 201-202 [1st Dept 1998], *lv denied* 93 NY2d 898 [1999]).

Defendant was not deprived of a fair trial by the People's summation. The prosecutor did not shift the burden of proof by commenting on the lack of evidence to corroborate defendant's testimony (*see e.g. People v Williams*, 103 AD3d 442 [1st Dept 2013], *lv denied* 21 NY3d 915 [2013]). The other remarks at issue were fair comments on the evidence and appropriate responses to the defense summation (*see People v Overlee*, 236 AD2d 133 [1st Dept 1997], *lv denied* 91 NY2d 976 [1998]). Concur—Tom, J.P., Friedman, Saxe and Kapnick, JJ.