People v Shamsuddin (2018 NY Slip Op 08974)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

People v Shamsuddin

2018 NY Slip Op 08974

Decided on December 27, 2018

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 27, 2018

110161

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
vLATIF SHAMSUDDIN, Appellant.

Calendar Date: November 16, 2018
Before: Garry, P.J., McCarthy, Egan Jr., Devine and Clark, JJ.


Hug Law, PLLC, Albany (Matthew C. Hug of counsel), for appellant.
P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.

MEMORANDUM AND ORDER
Egan Jr., J.
Appeal from a judgment of the County Court of Albany County (Carter, J.), rendered September 1, 2017, upon a verdict convicting defendant of the crime of burglary in the second degree.
In September 2016, defendant was charged in an indictment with burglary in the second degree after he entered a guest room at the Hilton Hotel in the City of Albany and stole a guitar. Following a jury trial, defendant was convicted as charged and was thereafter sentenced, as a second felony offender, to a prison term of 11 years to be followed by five years of postrelease supervision. Defendant now appeals.
Defendant initially contends that the verdict was not supported by legally sufficient evidence and was against the weight of the evidence. Specifically, defendant argues that the People failed to establish that he had the requisite intent to commit a crime at the time that he entered the victim's hotel room. When reviewing a legal sufficiency claim, "we must determine whether the evidence, viewed in the light most favorable to the People, could lead a rational trier of fact to conclude that each and every element of the charged crime had been proven beyond a reasonable doubt" (People v Pierce, 106 AD3d 1198, 1199 [2013]; see People v Bleakley, 69 NY2d 490, 495 [1987]). As relevant here, "[a] person is guilty of burglary in the second degree when he [or she] knowingly enters . . . unlawfully [a dwelling] with intent to commit a crime therein" (Penal Law § 140.25 [2])[FN1]. Notably, a defendant's "[i]ntent may be inferred from the circumstances of [his or her] unlawful entry, unexplained presence on the premises, and actions and statements when confronted by police or the property owner" (People v Briggs, 129 AD3d 1201, 1203 [2015], lv denied 26 NY3d 1038 [2015]; see People v Jackson, 151 AD3d 1466, [*2]1467-1468 [2017], lv denied 30 NY3d 950 [2017]; People v Peterson, 118 AD3d 1151, 1152 [2014], lvs denied 24 NY3d 1087 [2014]).
The evidence introduced at trial established that, on August 15, 2016, defendant, then homeless, estranged from his spouse and using crack cocaine, walked into the Hilton Hotel and took an elevator to the fourth floor. After finding the door to room 410 ajar, defendant entered, only to encounter a member of the hotel's housekeeping staff cleaning the room. After explaining to the housekeeper that he needed to use the bathroom, the housekeeper indicated that he could and left. While inside the room, defendant spotted a Gibson guitar belonging to the room's occupant, picked it up and left the hotel. Defendant walked to a nearby tattoo shop and sold the guitar to an employee for $45. Later that day, the buyer grew suspicious that the purchase was "too good to be true" and went to visit a friend who owned a guitar shop. After being advised that the instrument was a genuine Gibson guitar worth at least $1,500, the buyer contacted the police. Defendant was thereafter arrested.
Defendant, who testified at trial, readily admits that he stole the guitar in question, but contends that he is not guilty of the crime of burglary in the second degree because his decision to steal the guitar was not made until after he had entered room 410. According to him, he entered the hotel, not with the intent to steal but hoping to encounter his estranged wife, who worked in an adjoining office building. According to defendant, he stepped into the elevator intending to go down, but another occupant had already pushed the button to go up, so he remained on the elevator and got off with everyone else on the fourth floor. He then realized he needed to use the bathroom, saw a guest room with an open door and asked the housekeeper in that room if he could use the room's bathroom; after he did, he saw the guitar as he was leaving and, on the spur of the moment, decided to steal it. According to defendant, his intent to steal formed only after his entry into room 410 and, therefore, he cannot be guilty of burglary in the second degree.
Viewing the evidence in a light most favorable to the People, we find that there was legally sufficient evidence presented from which a rational jury could infer, beyond a reasonable doubt, that defendant entered the subject hotel room with the requisite intent to commit a crime (see People v Castillo, 47 NY2d 270, 277-278 [1979]; People v Gilligan, 42 NY2d 969, 969 [1977]; People v Carter, 50 AD3d 1318, 1320 [2008], lv denied 10 NY3d 957 [2008]). Moreover, although a different verdict would not have been unreasonable, viewing the evidence in a neutral light, and giving deference to the jury's interpretation of the evidence and the rational inferences to be drawn therefrom, we are satisfied that defendant's conviction was not against the weight of the evidence (see People v Bleakley, 69 NY2d at 495; People v Mesko, 150 AD3d 1412, 1413-1414 [2017], lv denied 29 NY3d 1131 [2017]; People v Judware, 75 AD3d 841, 845 [2010], lv denied 15 NY3d 853 [2010]; People v Thorton, 4 AD3d 561, 563 [2004], lv denied 2 NY3d 808 [2004]).
We find unpersuasive defendant's contention that he was deprived of a fair trial as a result of certain comments made by the prosecutor during summation. "In determining whether a reversal is warranted on this ground, we must assess the severity and frequency of the conduct, whether the trial court took appropriate action to dilute the effect of the conduct and whether, from a review of the evidence, it can be said that the result would have been the same absent such conduct" (People v Hartle, 159 AD3d 1149, 1153 [2018] [internal quotation marks and citations omitted], lv denied 31 NY3d 1082 [2018]). Notably, "not every improper comment made by the prosecuting attorney during the course of closing arguments warrants reversal of the underlying conviction" (People v Forbes, 111 AD3d 1154, 1160 [2013]). Here, although the prosecutor made certain comments during his summation regarding defendant's failure to provide corroboration of the fact that his wife actually worked in the building adjacent to the Hilton Hotel, said comments did not serve to shift the burden of proof (see People v Tout-Puissant, 155 AD3d 654, 655 [2017], lvs denied 30 NY3d 1120 [2018]; People v Gaston, 135 AD3d 575, 576 [2016], lv denied 28 NY3d 929 [2016]; People v Youmans, 292 AD2d 647, 648 [2002], lv denied 98 NY2d 704 [2002]). The remaining allegedly improper comments by the prosecutor were either sustained by County Court, constituted a fair comment on the evidence or were [*3]otherwise responsive to defense counsel's summation, questioning the credibility of the People's witnesses (see People v Williams, 163 AD3d 1160, 1165 [2018]; People v Harris, 162 AD3d 1240, 1243 [2018], lv denied 32 NY3d 937 [2018]), such that "the record as a whole fails to disclose that the prosecutor engaged in a flagrant and pervasive pattern of prosecutorial misconduct so as to deprive defendant of a fair trial" (People v Devictor-Lopez, 155 AD3d 1434, 1437 [2017] [internal quotation marks and citations omitted]). Moreover, County Court subsequently instructed the jury that the People maintained the burden of establishing defendant's guilt beyond a reasonable doubt. Given the overwhelming proof of defendant's guilt, the cumulative effect of the challenged comments was not so prejudicial as to deny defendant his fundamental right to a fair trial, and we cannot say that the jury would not have convicted defendant but for the prosecutor's comments (see People v Harris, 162 AD3d at 1243; People v Ressy, 141 AD3d 839, 843 [2016], lvs denied 28 NY3d 1030 [2016]; People v Robinson, 16 AD3d 768, 770 [2005], lv denied 4 NY3d 856 [2005]; compare People v Rupnarine, 140 AD3d 1204, 1205 [2016]; People v Casanova, 119 AD3d 976, 977-979 [2014]).
Lastly, although cognizant of defendant's apparent substance abuse issues, we note that County Court expressly took this factor into consideration in electing not to mete out the maximum sentence allowable by law. Moreover, given defendant's lengthy criminal history, which includes, among other offenses, four prior burglary convictions, we find no abuse of discretion or extraordinary circumstances that warrant a reduction of defendant's sentence in the interest of justice (see People v Cole, 162 AD3d 1219, 1224 [2018], lv denied 32 NY3d 1002 [2018]; People v Williams, 156 AD3d 1224, 1231 [2017], lv denied 31 NY3d 1018 [2018]).
Garry, P.J., McCarthy, Devine and Clark, JJ., concur.
ORDERED that the judgment is affirmed.
Footnotes

Footnote 1: The manner in which the subject indictment was drafted specifically limited the allegation of burglary in the second degree to whether defendant "knowingly enter[ed] unlawfully" room 410 of the subject hotel.