People v Giamagas (2019 NY Slip Op 04104)





People v Giamagas


2019 NY Slip Op 04104


Decided on May 28, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 28, 2019

Sweeny, J.P., Richter, Kapnick, Oing, Singh, JJ.


9437 1360/09

[*1]The People of the State of New York, Respondent,
v
Vasileios Giamagas, Defendant-Appellant.


Christina A. Swarns, Office of The Appellate Defender, New York (Mandy E. Jaramillo of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Sabrina Margret Bierer of counsel), for respondent.



Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered February 25, 2010, convicting defendant, after a jury trial, of robbery in the first degree, robbery in the second degree (two counts), grand larceny in the second degree and criminal possession of a weapon in the fourth degree (three counts), and sentencing him to an aggregate term of 11 to 15 years, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Defendant's arguments are generally similar to arguments this Court rejected on the codefendants' appeals (People v Gogoladze, 114 AD3d 417 [1st Dept 2014], lv denied 22 NY3d 1199 [2014]), and we find no reason to reach a different result here. In particular, we decline to disturb the jury's credibility determinations, and we conclude that the threatened use of dangerous instruments was sufficiently immediate and connected to the taking of property to satisfy the elements of first-degree robbery.
The court properly denied defendant's motion to replace a sworn juror as "grossly unqualified" (CPL 270.35[1]). After the juror reported that several unidentified courtroom spectators had initiated an innocuous, non-case-related conversation with her in the hallway, the court conducted a suitable inquiry (People v Buford, 69 NY2d 290, 299 [1987]). While the juror found the spectators' behavior "odd" and "a little inappropriate," the juror made clear that she "didn't feel threatened," and the court obtained unequivocal assurances from the juror that the incident would not affect her ability to deliberate impartially (see People v Romance, 35 AD3d 201, 203 [1st Dept 2006], lv denied 8 NY3d 926 [2007]). Furthermore, to the extent the juror expressed any bias, it was, at most, against the spectators; she never stated that she believed these spectators to be associated with this defendant, or with the codefendants. Defendant's argument that the juror engaged in "misconduct" is meritless, because the jurors never received any instructions about conversing with unidentified persons regarding matters unrelated to the case.
The court properly denied defendant's motion to dismiss the indictment, made on the ground that a witness's trial testimony allegedly revealed that the integrity of the grand jury had been impaired by materially false testimony (see CPL 210.35[5]). At trial, the victim explained that he had given incorrect testimony in the grand jury about the contents of a document, as the result of having forgotten a handwritten provision later added to the document. There is no merit to defendant's claim that this event entitled him to the extraordinary remedy of dismissal. There was no impairment of the grand jury proceeding based on such "honestly mistaken" testimony (see People v Crowder, 44 AD3d 330 [1st Dept 2007], lv denied 9 NY3d 1005 [2007]), and dismissal was not warranted (see People v Darby, 75 NY2d 449, 455 [1990]). In any event, regardless of whether the victim was mistaken or intentionally untruthful in his grand jury [*2]testimony, this was not a case like People v Pelchat (62 NY2d 97 [1984]), where the indictment was based solely on perjured testimony.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 28, 2019
CLERK