People v Green (2019 NY Slip Op 09356)





People v Green


2019 NY Slip Op 09356


Decided on December 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 26, 2019

Renwick, J.P., Manzanet-Daniels, Oing, Singh, González, JJ.


10633A 8131/97 10633

[*1] The People of the State of New York, Respondent,
v
Danny Green, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Jonathan Krois of counsel), for respondent.



Order, Supreme Court, New York County (Ruth Pickholz, J.), entered on or about January 9, 2018, which, to the extent appealed from, vacated defendant's conviction of murder in the second degree rendered February 2, 1999 and denied any other relief, and judgment of resentence, same court and Justice, rendered January 8, 2018, resentencing defendant on the remaining convictions rendered February 2, 1999 to an aggregate term of 56&frac23; years to life, unanimously affirmed.
The court, which granted defendant's CPL 440.10 motion to the extent of ordering a new trial as to defendant's murder conviction, correctly declined to grant any other relief. The facts relating to both the underlying trial conviction and the motion are set forth in the motion court's opinion (54 Misc 3d 1208[A], 2016 NY Slip Op 51853[U][Sup Ct NY County 2016]).
The court vacated the murder conviction on the grounds that the People failed to disclose exculpatory or impeaching evidence, and that defense counsel rendered ineffective assistance with regard to matters of forensic evidence. These defects were specific to the murder charge, and we reject defendant's argument that they affected defendant's kidnapping and conspiracy convictions, which involved acts that were separate and distinct from the murder. To the extent the defects that led the court to vacate the murder conviction cast any doubt on the credibility of the murder witness who was also the victim of the kidnapping, or of any other witness, these defects cast no doubt on their credibility regarding the other crimes at issue. As to the kidnapping, the victim gave credible and extensively corroborated testimony about her own victimization. As to the conspiracy, there was overwhelming independent evidence about defendant's major role in an extensive drug operation. Accordingly, we find no reasonable possibility that the nondisclosure and ineffectiveness defects affected any convictions other than murder (see People v Doshi, 93 NY2d 499, 505 [1999]; People v Baghai-Kermani, 84 NY2d 525, 532 [1984]).
Defendant is not entitled to dismissal of the murder count (upon which the People do not intend to try him in any event), or any other count of the indictment. The indictment was not based entirely on false testimony (compare People v Pelchat, 62 NY2d 97 [1984]), and there was no impairment of the integrity of the grand jury proceeding warranting dismissal (see CPL 210.35[5]; People v Darby, 75 NY2d 449, 455 [1990]; People v Crowder, 44 AD3d 330 [1st Dept 2007], lv denied 9 NY3d 1005 [2007]). The kidnapping victim testified in the grand jury about defendant's role in the murder. Another witness (who did not testify at trial) gave testimony about witnessing the murder that was later determined to be false, because the witness had actually been incarcerated at the time. The kidnapping victim also testified that this other witness was present at the time, and this was plainly incorrect, but it is not clear whether this was intentionally false or honestly mistaken. Unlike the situation in Pelchat, it cannot be said that the only grand jury evidence connecting defendant with the murder was testimony later proven to be [*2]false or incorrect (see 62 NY2d at 99). There is also no basis for any corrective action regarding any other counts.
The court lawfully imposed consecutive sentences for conspiracy, kidnapping, and first and third degree sale of a controlled substance because defendant committed these crimes through separate and distinct acts (see People v McKnight, 16 NY3d 43, 48-49 [2010]; People v Arroyo, 93 NY2d 990 [1999]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 26, 2019
CLERK